THE STATE *ex rel.* H. H. PEOPLES *v.* J. J. MAXWELL, Adm'r. &c., and others.

The plaintiff in a suit is (by C. C. P., § 343) incompetent to prove that the intestate of the defendant actually *signed* a particular paper, although he is competent to prove his *hand-writing.*

What was once said by the plaintiff to the administrator, in relation to acts or words of the deceased, (introduced to get the benefit of *admissions,* deducible from a failure to deny, by the administrator,) when such acts or words were not within the personal knowledge of the administrator,—is also incompetent.

(*Whitesides* v. *Green, ante* 307, cited and approved.)

DEBT, tried before *Logan, J.,* at Fall Term 1870, of MECKLENBURG Court.

The action was upon the official bond of the intestate, as constable, for failing to pay over money collected for the plaintiff, &c.

Upon the trial, the relator was introduced to prove the execution of the receipt in question, by the intestate.

He was objected to by the defendants as incompetent, but, being admitted by his Honor, testified,—" that he knew the hand-writing of the deceased, and that the signature in question was his,—that he saw the deceased sign the paper, &c., also, that he had a conversation with the defendant, J. J. Maxwell, the father and administrator of the deceased, and told him that the deceased had admitted to him, that he had collected the debts named in the receipt, &c.,—and thereupon, that the defendant Maxwell had a partial settlement with him, and it would have been in full, but for want of time, Maxwell wishing to look at a certain paper connected with the settlement," &c.

The defendants excepted.

Verdict for the plaintiff; Rule, &c., and Judgment.

The defendants appealed.

*Wilson*, for the appellants.
*R. Barringer*, contra.

RODMAN, J.  The relator was introduced as a witness on his own behalf, to prove the signature of the deceased constable to a memorandum, or receipt, for the claim in respect to which the breach was assigned.  The Judge admitted him to prove "any acts of the deceased, which it would be competent to prove by any other witness, but not to prove the declarations of the deceased to him, nor any acts of the deceased between himself and the deceased alone."  The relator then testified that the deceased signed the receipt for the claims; he also testified that, in conversation with the defendant, J. J. Maxwell, the administrator of the deceased, he told the administrator, that the deceased had admitted to

the witness, that he had collected the debts mentioned in the receipt, and had made a partial payment, &c."

We had occasion, at this term, in *Whitesides* v. *Green*, ante 307, to discuss pretty fully the competency of parties to actions, and others interested, "to testify in regard to any transaction or communication between such witness and a person, at the time of such examination deceased:" C. C. P., sec. 343. We think it was not competent for the relator in this action, to prove that the deceased constable signed the receipt in question. He might have proved the hand-writing of the deceased from his general knowledge of it; but to prove that the deceased signed the particular paper, was to prove a "transaction" between the witness and the deceased, which was forbidden by section 343.

Our opinion on this point would entitle the defendants to a *venire de novo*, but as the competency of the subsequent testimony would probably again be a question, we think it our duty to consider that. The only ground upon which the competency of the conversation between the relator and the administrator of the deceased can be defended, is, that it amounted to an admission by the administrator of the truth of the statements made in it by the relator. Admissions of parties are of course always competent. If one party to an action asserts a fact in the presence of the other, under circumstances calling for a reply, and it is not denied, the silence must in general be taken as an assent. *Qui tacet videtur consentire:* 1 Greenl. Ev. 107 a. But this principle must be limited to those assertions which relate to some part of which the opposite party may be supposed to have some knowledge. He might not believe the assertion, but if absolutely ignorant concerning the fact, he could not, in general, be called on to deny it. For this reason we do not think the omission of the administrator on the occasion mentioned, to deny the statement made to him by the relator, can be considered an admission of its truth. The evidence of the conversation would therefore, be incompetent, even if given by a disinterested

witness, and apart from the objection that it came from a party, and purported to relate a transaction and communication between the witness and the deceased. It was evidently an attempt by the relator to evade the prohibition contained in section 343, and indirectly to get in his statement not under oath. How can his evidence of such a statement be admitted to prove the truth of the facts stated, when his testimony on oath to the same facts would be rejected?

There must be a *venire de novo*.

PER CURIAM.                                    *Venire de novo.*