Z. F. RUSH v. B. W. STEED, Executor.

*Transaction with person deceased— Witness under section 590—*
*Hand-writing, proof of.* ·

A party interested in the event of a suit is not an incompetent witness, under THE CODE, § 590, to prove the *hand-writing* of the deceased person.

(*Peoples* v. *Maxwell*, 64 N. C., 313; *Halyburton* v. *Dobson*, 65 N. C., 88, cited and approved.)

CIVIL ACTION tried at July Special Term, 1884, of RANDOLPH Superior Court, before *Graves, J.*

The plaintiff alleged that in the year 1879, he borrowed two thousand dollars of James E. Macon, the defendant's testator, and conveyed a tract of land to him to secure payment of the same—the deed being in the nature of a mortgage; and that Macon agreed to reconvey on payment of the money, and, if he sold the land for more than sufficient to pay the debt and interest, he agreed to pay the surplus to plaintiff. Macon did sell to one Garner for $2,250, and received the money, but failed to carry out his said agreement, though the plaintiff demanded the excess of Macon during his lifetime and of the defendant executor, after his death. ·And the plaintiff brings this·action to recover the $250 excess.

The defendant denied that his testator agreed to reconvey or pay the excess as alleged, and asked that the plaintiff be held to strict proof of his allegations.

The following issues were submitted to the jury :

1. Did the defendant's testator agree to pay the plaintiff the excess, as alleged ?

2. If he did so agree, what is the excess, if any ?

The plaintiff announced in open court that the said agreement was in writing, and introduced James T. Crocker.

an attorney at law, to prove its execution. He testified that plaintiff came to his office in Asheboro and presented to him a paper writing having the names of both the plaintiff and the said Macon signed thereto; that he knew the plaintiff's hand-writing, and his signature was genuine, but he was not acquainted with that of Macon and could not testify as to his signature; that he returned the paper to the plaintiff and has not seen it since.

Whereupon the plaintiff was introduced as a witness in his own behalf, and testified that Mr. Crocker returned the paper writing to him; that he had lost or mislaid it; had made search for it, and used every effort to find it, and it could not be found.

The plaintiff then proposed to prove by himself that the name of James E. Macon to the paper spoken of by Mr. Crocker, and lost or mislaid, was in the genuine handwriting, and was the genuine signature of the said James E. Macon, deceased.

The defendant objected. Objection overruled and the defendant excepted.

The plaintiff then testified that he had often seen James E. Macon write, and knew his signature, and that the signature was in his proper handwriting.

Whereupon the plaintiff recalls Mr. Crocker, and proposes to prove by him the contents of the paper writing presented by the plaintiff to the witness, as stated above. The defendant objected on the ground that the signature of James E. Macon had not been proved to be genuine, in a legal manner, so as to authorize the introduction of proof of its contents. Objection overruled and the defendant excepted.

Mr. Crocker then testified that he thought he could state the entire substance of the paper writing; that it was an instrument relating to the sale of the Rush place, and provided that in the event the money, the consideration of the land, was repaid him, he would reconvey to the plaintiff,

and if Macon sold the land for any sum over and above two thousand dollars, Macon was to pay to plaintiff the overplus.

There was a verdict for the plaintiff. The defendant moved for a new trial, assiguing as a reason therefor error in the ruling of the court admitting the evidence of the plaintiff and the witness Crocker. Motion overruled. Judgment for plaintiff; appeal by defendant.

*Messrs. Scott & Caldwell,* for plaintiff.
*Mr. M. S. Robins,* for defendant.

Ashe, J. The Code, § 590, declares that, upon the trial of an action, a party interested in the event shall not be examined as a witness in his own behalf, against the administrator of a deceased person, concerning a personal transaction or communication between the witness and the deceased person.

A construction was given to section 343 of the Code of Civil Procedure (of which the above section of The Code is a substantial copy), in the case of *Peoples* v. *Maxwell*, 64 N. C., 313. It was an action upon the official bond of a constable against his administrator. The plaintiff relied upon a receipt given by the constable, and offered himself as a witness to prove the execution of the receipt by the defendant's intestate. He was objected to as incompetent, but was admitted by the court; and he testified *that he knew the handwriting of the deceased, and that the signature in question was his,* and that he saw the deceased sign it. There was a judgment in the court below for the plaintiff and the defendant appealed to this court, where it was held that it was not competent for the plaintiff to prove that the deceased constable signed the receipt in question. " He might prove the *handwriting* of the deceased from his general knowledge of it, but to prove that the deceased signed the particular

paper was to prove a 'transaction' between the witness and the deceased, which was forbidden by section 343."

The distinction drawn in this decision is between proving the *handwriting* and proving the *actual signing* of the paper. The latter is held to be a "transaction," but the former not a transaction—to my understanding a very fine spun distinction, and, in its application to the execution of the instrument, borders very closely on a distinction without a difference. But it is so decided, and the decision has not only had the approval of the court (*Halyburton* v. *Dobson*, 65 N. C., 88), but the legislature seems to have recognized the distinction by inserting in section 590 of THE CODE, the word "*personal*" before the word "*transaction*," which is not contained in section 343, C. C. P. This amendment of that section was most probably induced by the decision in *Peoples* v. *Maxwell.*

In the case before us, the plaintiff did not prove that he *saw* the defendant *sign* the agreement, but only that the signature to it was the *hand-writing* of the defendant's testator, which brings the case within the exception mentioned in *Peoples* v. *Maxwell.* Upon the authority of that case, we are constrained to hold that there was no error, and the judgment of the superior court is therefore affirmed.

No error.                                             Affirmed.