ALFRED SAWYER v. C. W. GRANDY.

*Practice—Testimony as to Transactions with Deceased Person—*
*Handwriting—Irrelevant Testimony.*

1. Although, under section 590 of *The Code*, a party to an action may not
   testify to the actual execution, by the deceased person whose admin-
   istrator is a party, of a paper-writing constituting a personal trans-
   action between him and the deceased, yet he may testify to the
   handwriting of the deceased, if he can.

2. Where a paper-writing, alleged to be a contract between plaintiff
   and the intestate of the defendant, was introduced in evidence on
   the trial, it was error to allow the plaintiff to testify that he him-
   self signed the paper.

3. Where a paper-writing, not ambiguous in its terms, alleged to be a
   contract between plaintiff and the intestate of defendant, was intro-
   duced on a trial, its construction was a question of law for the
   Court, and evidence as to the declarations of the deceased tending
   to contradict or explain the same was incompetent and immaterial
   on either side.

This was a CIVIL ACTION, tried before *Bynum, J.*, and a
jury, at Spring Term, 1893, of CAMDEN Superior Court.

The plaintiff brought his action as surviving partner, alleg-
ing that at the time named the plaintiff and T. S. Berry
were copartners, doing business under the firm name of T. S.
Berry; that said firm had large dealings with defendants
Grandy & Son, commission merchants, and that said Grandy
& Son now have in their possession the sum of $1,025, which
is due and owing to the plaintiff as surviving partner of the
said firm; that T. S. Berry is dead and plaintiff is winding
up the business of the firm, and has made demand on said
defendants for the payment of the said sum, and that said
defendants have refused to pay the same to plaintiff.

The defendants Grandy & Son answer, denying all knowl-
edge of the alleged copartnership, admitting the dealings
between them and T. S. Berry, and that they have for the

SAWYER *v.* GRANDY.

credit of T. S. Berry the sum of $1,100.63, and averring their readiness to pay over the same to the persons entitled thereto. They allege further, that the fund in their hands is claimed by one O. G. Pritchard, as administrator of T. S. Berry, deceased, and that they are advised that said Pritchard should be made a party to this action. They admit demand and refusal.

Pritchard was permitted to make himself a party defendant, and the defendants Grandy & Son were allowed to pay into the Court the fund in their hands to the credit of T. S. Berry. Pritchard filed his answer, alleging that he is the administrator upon the estate of T. S. Berry, deceased, denying the alleged partnership and claiming the fund.

So it appears that the contention is now between the plaintiff and O. G. Pritchard, administrator of T. S. Berry, deceased, and the question is whether plaintiff is the surviving partner of the alleged partnership; in other words, whether plaintiff and Berry were partners, as alleged in the complaint.

The plaintiff offered in evidence the following paper-writing:

" NORTH CAROLINA—Camden County.

Agreement is this day entered into between T. S. Berry, of the one part, and Alfred Sawyer, Jr., of the other part, both of the county of Camden and State of North Carolina, as follows, to-wit: The said T. S. Berry is now selling goods at Belcross, and has employed the said Alfred Sawyer, Jr., as a clerk to superintend the said store as long as the said Berry chooses to employ him; and the said Sawyer is to have for his services one-half ($\frac{1}{2}$) of all the profits the said store makes after paying all expenses of the said store; and further, the said Sawyer is to-day one-half ($\frac{1}{2}$) owner of all the goods, moneys, accounts, notes, etc., that belong to the store; and further, the said Berry is not to make any charges as rent

for said store, warehouse or dwelling-house where the said
Sawyer now lives.  For this and his daily service his com-
pensation is equal division of profits with the said Berry."

Witness our hands and seals, this May 30, 1891.

(Signed)     T. S. BERRY.  [SEAL.]
(Signed)     A. SAWYER.   [SEAL.]

The plaintiff being then offered as a witness in his own
behalf, was permitted to testify that he was acquainted with
the handwriting of T. S. Berry, and that both the body of
the paper and the signature referred to were in the hand-
writing of T. S. Berry.  And to this the defendant objected
and excepted.

Witness was then asked who signed the name of A. Sawyer
to the paper, and answered that he himself signed it.  This
question and answer were objected to by the defendant.

The plaintiff offered several witnesses who testified without
objection to the declarations made by T. S. Berry tending to
show that he and plaintiff were partners.

The defendant Pritchard introduced as a witness one
Wright, and offered to show by him declarations made by
T. S. Berry after the date of the paper, denying the partner-
ship, and tending to show his individual ownership, and
that the plaintiff was only his clerk.  The plaintiff objected.
The objection was sustained, and defendant excepted.

There was a verdict and judgment for the plaintiff, and
defendant appealed.

*Messrs. Grandy & Aydlett*, for plaintiff.
*Mr. J. Heywood Sawyer*, for defendant (appellant).

MacRae, J.: *The Code*, §590, declares that upon the trial
of an action a party interested in the event shall not be
examined as a witness in his own behalf against the admin-
istrator of a deceased person, concerning a personal transac-
tion or communication between the witness and the deceased
person.

The paper offered as evidence of the contract of partnership purported to be the memorial of a transaction, or the transaction itself, between the plaintiff and the deceased person, against whose administrator the action is now being pressed. It has often been held that while under this section the plaintiff is incompetent to testify to the actual execution of the paper by the deceased, he may testify to the handwriting of deceased, if he can.

In *Rush* v. *Steed*, 91 N. C., 226, the Court, while adhering to this construction of the statute, calls the distinction a very fine spun one, but the reason of the act as stated by Mr. Justice READE in *Halyburton* v. *Harshaw*, 65 N. C., 88, seems to justify it: "There could never be a recovery against an unscrupulous party if he were permitted to testify where it would be impossible to contradict him; the statute ought to be construed in view of this mischief."

If plaintiff had been permitted to testify that he saw Berry sign the paper, it may have been impossible to contradict him, but he simply swears to the handwriting of deceased, and the matter is entirely open to contradiction, if defendant can furnish it, by others who are acquainted with the handwriting of deceased.

We are unable to make the distinction between the testimony of the plaintiff as witness to the actual signing of the instrument by deceased and by himself, for the deceased might be the only person who could have testified to the contrary, if plaintiff had been permitted to testify to the fact of the signing; and we think, upon the authorities cited, that his Honor erred in admitting this testimony.

The plaintiff relying upon the paper-writing as the contract of partnership, evidence of declarations of deceased seems to have been incompetent and immaterial on either side, as tending to contradict or to explain a written instrument, the construction of which is a question of law for the Court.

Error.                                    New Trial.