C. T. JOHNSON et al v. J. T. GOOCH et al.

*Will, Construction of—Trust—Payment of Debts—Vesting of Estate—Evidence.*

1. Where property was given by a will to a trustee to be held in trust for A, free from liability for certain debts owing by the latter to others but to vest in him absolutely in case he should in any manner discharge such debts, *Held*, that such property did not vest unless all of such debts were paid in the life time of A.

2. Where the vesting of an absolute estate depended upon the payment of certain debts by the devisee, and, in the trial of an issue whether all such debts had been paid, a note was produced, signed by him uncancelled and found among the effects of another decedent, *Held*, that the production of such note raised the presumption that the note had not been paid, and, in such case, it is immaterial when the statute of limitations began to run.

CIVIL ACTION, tried before *Armfield*, *J.*, and a jury, at Fall Term, 1894, of NORTHAMPTON Superior Court.

The action was originally commenced by Catherine T. Johnson, Camilla A. Johnson and Lula Johnson as plaintiffs, against J. T. Gooch as administrator *de bonis non* with the will annexed of Virginia A. Johnson as defendant, on August 28, 1882. W. W. Peebles and R. B. Peebles were afterwards made parties defendants in 1883.

The following issue was submitted to the jury:

"Were there ante-nuptial debts of James Johnson subsisting and owing at the time of his death?"

J. T. Gooch, one of the defendants, was introduced as a witness by the plaintiffs against the objection of the defendants W. W. Peebles and R. B. Peebles. He testified that he was administrator *de bonis non* with the will annexed of Virginia A. Johnson, and also administrator *de bonis non* of J. J. Long. Defendants objected. Objection overruled, and defendants W. W. and R. B. Peebles excepted. Against the objection of the defendants W. W. and R. B. Peebles this witness stated that he received the note hereafter described from Robert O. Burton, who was administrator of Andrew Coniglan, who had been the administrator of J. J. Long. Burton said he found the notes among the papers of J. J. Long. Defendants W. W. and R. B. Peebles excepted. Said note was for $1,490, and under seal, dated July 31, 1858, payable one day after date to Tamlin Avent, and purported to be signed by James Johnson and J. M. Moody.

W. H. Hughes was introduced as a witness by the plaintiffs, and stated that he knew the signature of James Johnson and the signature of J. M. Moody, and that said note of $1,490, payable one day after date, and dated July 31, 1858, was signed by the said James Johnson and J. M. Moody. This witness further stated on cross-examination that the said J. M. Moody was a man of large estate, and had eight or ten thousand acres of land in Northampton

116—5

County, and a large estate in the State of Mississippi. Said note of $1,490 was then offered in evidence by the plaintiffs. W. W. and R. B. Peebles objected. Objection overruled, and said defendants excepted.

It was admitted that James Johnson died intestate March 16, 1876, and that he and Virginia A. Johnson were married unto each other August 30, 1859. C. A. and Lula Johnson were the only unmarried daughters of Dr. James Johnson at the death of said James and said Virginia A. Johnson. The defendants in apt time, and in writing, asked His Honor to charge the jury that upon the evidence they should answer the issue "No." His Honor refused this prayer, and the defendants W. W. and R. B. Peebles excepted. His Honor charged the jury that if they believed the evidence, they should answer the issue "Yes; the note for $1,490." To this instruction the defendants W. W. and R. B. Peebles excepted. The jury answered the issue "Yes; the note for $1,490."

Judgment for plaintiffs according to the record, and the defendants W. W. Peebles and R. B. Peebles appealed.

The defendants assigned the following errors:

1. For that J. T. Gooch was not a competent witness.

2. For that such of his evidence as objected to above was not competent.

3. For that said note of $1,490 was not competent evidence.

4. For error in refusing the prayer of defendants.

5. For error in charging the jury that if they believed the evidence they should answer the issue "Yes; the note of $1,490."

*Mr. T. W. Mason*, for plaintiff.

*Messrs. McRae & Day* and *R. B. Peebles*, for defendants (appellants).

FAIRCLOTH, C. J. : The defendants, W. W. and R. B. Peebles, claim the surplus money in the hands of defendant Gooch as administrator *de bonis non*, c. t. a. of Virginia A. Johnson by an alleged sale of the land devised in said Virginia's last will and testament, under an execution against her husband, James Johnson. The plaintiffs claim said surplus money which arose from a sale of said devised lands by a proper petition to raise assets to pay debts, and they claim it as devisees of Virginia A. Johnson in whose will are the following clauses : " I devise and bequeath my whole estate to Catharine Johnson (the plaintiff), my sister-in-law, in trust to hold and preserve the same from all liability to the debts of my husband, James Johnson, which were contracted by him prior to our intermarriage."

Sixthly : " In case the said James Johnson should fully pay off or discharge by any means all and every of the debts contracted by him, prior to my marriage with him, then and in that case, I declare that he shall take and receive all my aforesaid estate, free and discharged from all the trusts in the premises declared, and shall hold the same absolutely for his own sole use and benefit."

James Johnson died March 16, 1876, and the note of said Johnson was dated July 31, 1858, which day was prior to said intermarriage.

The important question presented is whether James Johnson fully paid or by any means discharged said note during his life time. The payment or discharge of this note during the life of James Johnson was a condition precedent to the vesting of the title to said land in James Johnson, and it could not vest unless the condition was performed in his life time. To create a condition, no particular form of words need be used, for if a corresponding purpose be read in the will, that purpose takes effect. Schouler on Wills, 598.

The possession of an unindorsed negotiable note or bond raises a presumption that the person producing it on the trial is the real and rightful owner, and this presumption is not repelled or altered by a denial of the defendant in his answer of such ownership. *Jackson* v. *Love*, 82 N. C., 405. It is *prima facie* evidence of ownership, and nothing short of fraud, not even gross negligence, is sufficient to overcome the presumption. *Commissioners* v. *Clark*, 94 U. S., 62, (4 Otto, 278). This is so between the holder and the maker but not between the holder and the payee. *Holly* v. *Holly*, 94 N. C., 670. And the burden of proof to rebut this presumption is on him who alleges any defect in the title, unless proof of fraud or illegality be offered, and then the burden of proof is shifted to the holder, and he must show that be received it *bona fide* for value. *Pugh* v. *Grant*, 86 N. C., 39.

This is not an action founded on the note for its collection. In the course of the trial the question of payment, as before stated, was an independent and separate fact to be ascertained without any regard to the principles of law, such as would apply in an action on the note between the payor and the payee and their representatives, and when the plaintiffs or defendant Gooch, as administrator of V. A. Johnson the devisor, on the trial produced said note uncancelled, the presumption of ownership and that the note had not been paid at once arose, and, without other proof, it was proper and it was the duty of His Honor to instruct the jury to find the issue as they did. If the note had been in the possession of James Johnson or his representative, the presumption of payment or discharge would have been equally strong in favor of the defendants.

The defendants excepted because the witness Gooch stated that Mr. Burton said he found the note among the papers of J. J. Long. This exception is without force,

because without that statement it was the duty of the Court, as above pointed out, to instruct the jury to answer the issue "yes" on the production of the note uncancelled. This was so unless the *defendants* had shown something to avoid that conclusion. The statement of Burton's declaration was not useful to the jury and could not have influenced their verdict. It was the possession of the note uncancelled that entitled the plaintiffs to have the issue found in their favor without regard to anything else on this aspect of the case.

The defendants did not offer any evidence of actual payment, but relied solely on the presumption of payment from the lapse of time, which presumption had not arisen at James Johnson's death.

It is therefore immaterial when the statute began to run. We understood the defendants to abandon their exception to the competency of the witness Gooch to testify. There is no error and the judgment is affirmed.

Affirmed.