JOHNSON v. ARMFIELD.

.(Filed June 3, 1902.)

1. IMPROVEMENTS—*Betterments—Burden of Proof—Contracts—Wills.*

In an action for services rendered and for improvements under a contract with the owner that she would will land to plaintiff, the burden of proof is on plaintiff to show performance of his part of contract.

2. IMPROVEMENTS—*Contracts—Rents—Profits—Wills—Evidence.*

In an action to recover for services, improvements put on land by plaintiff, under a promise to will it to plaintiff, and rents, profits and payments made to plaintiff should be considered.

3. IMPROVEMENTS—*Contracts—Parol Contracts—Betterments.*

A person is not entitled to pay for betterments placed on land before the contract to convey is made.

4. EVIDENCE—*Declarations—Competency.*

A personal representative can not introduce declarations of the deceased unless they are a part of the same conversation or statements proven by the opposite party.

ACTION by Albert Johnson against G. W. Armfield, executor of Charlotte Gardner, heard by Judge *Thos. J. Shaw* and a jury, at September Term, 1901, of the Superior Court of GUILFORD County. From a judgment for the plaintiff, the defendant appealed.

*J. A. Barringer,* for the plaintiff.
*Bynum & Bynum* and *King & Kimball,* for the defendant.

FURCHES, C. J.   This case is not in a condition to have a final disposition made of it in this appeal without risk of doing injustice to the parties. Neither the complaint nor answer is furnished by the record, and while this is accounted for by a statement that they had been lost, this does not supply the need of them, as we are unable to see what was the grounds

of plaintiff's complaint—whether for betterments put upon
land, under a parol promise to convey, or for the value of im-
provements put upon land under contract, or promise to pay
the plaintiff for his labor in so doing, or for supporting de-
fendant's testatrix.    The case on appeal seems to have been
made out by the appellant, to which there was no counter-
case or exceptions filed.    And while such a case, under The
Code, becomes the case on appeal, and will be so considered by
the Court, this may account for the fact that no charge of the
Court is given and only defendant's exceptions and prayers
for instructions.    In the absence of the complaint and answer
and the information they would have given, it is difficult for
us to see the relevancy of the exceptions.    The case on appeal
gives a great deal of evidence, but it is not stated that all the
evidence is given, and it may not be; and if it was, we would
be incompetent to pass upon it if there was any conflict.    In
some phases it appears that plaintiff is suing for betterments
for breach of a parol contract to convey land; in others it ap-
pears that he is suing for boarding and supporting defend-
ant's testatrix; and in others, for work he has done for defend-
ant's testatrix under contract.

If it is for betterments under a parol contract to convey, of
course the plaintiff will have to establish the contract by com-
petent evidence, and show that he has complied with it, before
he can recover.    If he does this, the general rule of damage is
the benefit the improvements have been to the land, and not
what they cost plaintiff to put them on the land.    But in a
case like this case seems to be, where plaintiff moved a house
belonging to defendant's testatrix, that matter would have to
be taken into consideration and the rents and profits the plain-
tiff had received from the land would also have to be taken
into the account.    If for boarding and taking care of defend-
ant's testatrix, that would depend upon the time and trouble
the plaintiff was at in so doing, and anything she may have
paid him therefor would have to be taken into the account.

If these contentions of plaintiff are not established, and he claims for the work he has done for defendant's testatrix, this would depend upon contract to do the same, either express or implied.

From what we have said it will be seen that there was error in not giving defendant's second prayer for instructions and in refusing to give defendant's sixth prayer for instructions, for which there must be a new trial.

No promise the defendant's testatrix may have made to the plaintiff to convey him the land after the improvements were made, would support a claim for betterments.

The promise must have been made before the improvements were put upon the land. As a promise to convey, made after the improvements were made, could not have induced him to put them there, and it is the inducement that gives the equitable right to be paid for them. *Luton v. Badham,* 127 N. C., 96, 80 Am. St. Rep., 783, 53 L. R. A., 337, and authorities there cited. While it was competent for the plaintiff to prove declarations of defendant's testatrix, it was not competent for defendant to do so unless it was a part of the same conversation or statement.

As the case goes back for a new trial, the Court below will, of course allow the parties to supply or file new pleadings.

New Trial.