STANDARD TRUST COMPANY ET AL. v. COMMERCIAL NATIONAL BANK.

(Filed 18 November, 1914.)

**Bills and Notes—Holder—Due Course—Presumptions—Trials—Erroneous Instructions—Appeal and Error.**

> The possession of a negotiable instrument by the indorsee, or by a transferee where indorsement is not necessary, imports *prima facie* that he is the lawful owner of the paper, and that he acquired it before maturity, for value, in the usual course of business, without notice of any circumstance impeaching its validity; and where fraud is not alleged or suggested, it is error for the trial judge to instruct the jury that such holder is *prima facie* one in due course, and then add, "that is, if he takes it in good faith, for value, without notice of infirmity, and is the owner thereof and entitled to sue thereon."

APPEAL by plaintiff from *Devin, J.,* at August Term, 1914, of GUILFORD.

Civil action tried upon this issue:

1. Is the plaintiff the owner and purchaser for value of the check sued on? Answer: No.

Eight issues in all were submitted to the jury, but under instructions of the court the jury answered only the first. The court rendered judgment dismissing the action, and the plaintiff appealed.

*Thomas S. Beall, Manly, Hendren & Womble for plaintiff.*
*Brooks, Sapp & Williams for defendant.*

BROWN, J. This case was before this Court at the last term, and is reported in 166 N. C., p. 113. The facts are fully set out in that report, and are referred to in explanation of this opinion.

The action is brought to recover on a check for $5,000, drawn by Sol N. Cone at Greensboro, N. C., on 4 October, 1910, in favor of Latham,

Alexander & Co. of the city of New York. The check was received by the payee, indorsed by them to the plaintiff, the Standard Trust Company, who forwarded it through the Girard Trust Company for collection and credit of the plaintiff.

In this trial his Honor instructed the jury as follows: "Is the plaintiff the owner and purchaser, for value, of the check sued on? (The holder of a check—that is, the payee or indorsee who is in possession, or the bearer thereof—is *prima facie* deemed to be the holder in due course; that is, if he takes it in good faith, for value, without notice of infirmity, and is the owner thereof and entitled to sue thereon.")

It is contended that his Honor erred in adding these words, towit: "that is, if he takes it in good faith, for value, without notice of infirmity, and is the owner thereof and entitled to sue thereon." This assignment of error, in our opinion, is well taken.

Our negotiable instruments law is simply the codification of the common law, and under both the statute and the common law the possession of a negotiable instrument by the indorsee, or by a transferee where indorsement is not necessary, imports *prima facie* that he is the lawful owner and that he acquired it before maturity, for value, in the usual course of business and without notice of any circumstances impeaching its validity.

Nothing else appearing, this entitles the holder of a negotiable instrument to maintain an action upon it. By presenting the paper, in case duly indorsed, the plaintiff made out a *prima facie* case; that is, a case sufficient to justify a verdict for him on the first issue. Third Ruling Case Law, p. 1037, and cases cited in the notes.

In *Triplett v. Foster,* 115 N. C., 335, it is held that when, in an action to foreclose a mortgage given to secure notes, assigned to plaintiff, the answer did not state facts sufficient to amount to a plea of illegality or fraud in the inception or transfer of the note, and there was no evidence tending to support such a defense, the production of the notes by the plaintiff was *prima facie* evidence of ownership, and it devolved on the defendant to rebut the presumption.

The principle is well settled that when the maker of a note alleges fraud on the part of the payee in obtaining its execution and offers proof tending to support that fact, the *prima facie* case of an indorsee before maturity, that he took without notice, is so far rebutted as to shift the burden on him to show that he purchased for value and in good faith. *Bank v. Burgwyn,* 110 N. C., 267; *Evans v. Freeman,* 142 N. C., 62.

This *prima facie* case, upon which the holder can rely, continues good until, under proper allegations in the pleadings, there is evidence offered tending to show that the instrument was procured by fraud or is tainted

MORGAN *v.* BENEFIT SOCIETY.

by some other infirmity. When that evidence is offered, the burden of proof shifts, and it then becomes the duty of the holder to show that he acquired the instrument in the usual course of business before maturity and without notice of any vice in it. *Bank v. Fountain*, 148 N. C., 590.

By adding the words to his instruction which are excepted to, his Honor deprived the plaintiff entirely of the benefit of the presumption which the law accords to a holder of a negotiable instrument, duly indorsed.

There are other assignments of error relating to the evidence and the charge of the court which it is unnecessary to notice, as the case is to be retried *de novo.*

New trial.