## V. A. BERRIER v. BOARD OF COMMISSIONERS OF DAVIDSON COUNTY.

(Filed 5 December, 1923.)

**Taxation—Schools—Injunction—Statutes—Repealing Acts—Appeal and Error—Judgments.**

It is peculiarly within the legislative authority to levy or repeal a tax; and where an injunction has been issued by the courts against the levy of a special tax for public-school purposes by a school district, affirmed by the Supreme Court on appeal, but before the order had been signed in the Superior Court in conformity with the opinion, the Legislature has abolished the school district and the levying of the tax, the plaintiff's right to the injunctive relief ceases, though the judge thereafter signs the order by inadvertence to the repealing statute.

THE PLAINTIFF appealed from a judgment of *Shaw, J.,* 5 June, 1923, refusing the restraining order set out in the record. From DAVIDSON.

His Honor found the facts to be as follows:

That some time prior to May, 1920, the Board of Education of Davidson County ordered a consolidation of all or parts of five school districts, and an election was duly called to vote on a special tax for said consolidated district; that said election was held and carried; that subsequent to said election an action was brought by a citizen of the said consolidated district to restrain the levy of the special tax voted at said election, and in such action the complaint and answer set up in the complaint in this action were duly filed; that upon the hearing of a motion for an injunction in said action in the Superior Court, the same was ordered from which the defendants appealed to the Supreme Court, where the judgment of the court below was affirmed; that after the said case had been decided in the Supreme Court, but before the judgment according to the opinion of the Supreme Court had been signed, the General Assembly of North Carolina passed an act abolishing and repealing the special tax on the former districts included in said consolidated district, which act is chapter 156, Public-Local Laws, 1923, being House Bill No. 1032, and Senate Bill No. 908, ratified on 2 March, 1923; that the February Term, 1923, of the Superior Court of Davidson County began on 26 February and continued for two weeks, and the judgment in case of *Evans v. Comrs.,* 184 N. C., 328, set out in the complaint herein, was signed at said term, and on 9 March, 1923, and that the said act was not brought to the attention of the court before the said judgment was signed.

That at May Term, 1923, the plaintiff made a motion for an injunction as prayed for in the complaint herein filed, which was refused, and the plaintiff excepted but did not appeal; at the same term the

plaintiff moved to be allowed to take a nonsuit as set out in the record, which was refused, and the plaintiff excepted as set out in the record; the plaintiff then obtained permission of the court to file an amended complaint, which he did; that the facts set out in the amended complaint, as to Cicero Kimel being completely surrounded by the consolidated district, is found not to be true.

*Walser & Walser and Z. I. Walser for plaintiff.*
*Raper & Raper and W. O. Burgin for defendant.*

ADAMS, J. The act by which the Legislature repealed the special tax voted in the consolidated district was ratified on 2 March, 1923, and on 9 March, during the February term, his Honor signed the judgment in *Evans v. Comrs.* in accordance with the opinion of this Court as reported in 184 N. C., 328; but at that time the abolition of the tax had not been brought to his attention. The plaintiff insists that the General Assembly had no legal right to abolish or repeal the special tax, and that the county board of education abused its discretion in forming the consolidated district. Neither position can be maintained. We discover no evidence whatever of an abuse of discretion, and the power to levy or repeal a tax is peculiarly a legislative function.

His Honor's judgment in the *Evans case* must be construed as applicable to the facts disclosed by the record, and not as concluding the defendant after the repeal of the tax. Whether the plaintiff is not concluded by Judge Stack's judgment refusing his application for a restraining order we need not decide.

The judgment rendered by Judge Shaw is
Affirmed.