Civil action instituted 18 May, 1942, to recover on certain promissory notes.
These facts appear to be uncontroverted: Dr. E. W. Lister, brother of plaintiff, and intestate of defendants, died in the latter part of April, or first of May, 1934. Defendant M. W. Lister, a brother, and defendant, Mrs. Goldie Lister Markham, a sister of Dr. E. W. Lister and of plaintiff, qualified as administrator and administratrix, respectively, of the estate of Dr. E. W. Lister, deceased, on 22 May, 1934.
Plaintiff in his complaint alleges these facts, among others: "2. That the said E. W. Lister . . . on April 19th, 1932, executed and delivered to the plaintiff, Dr. J. L. Lister, his promissory note in words and figures as follows:
"Elizabeth City, N.C. "$750.00
"For value received, on or before April 19, 1933, I promise to pay to the order of Dr. John L. Lister Seven Hundred and Fifty Dollars with interest from date at the rate of 6% per annum, payable annually.
"This note is secured by Deed of Trust on . . . of even date herewith.
"As witness my hand and seal this the 19th day of April, 1932.
E. W. LISTER (SEAL) "Witness: _____________________" *Page 557 
That on 14 July, 1932, he executed and delivered to the plaintiff, Dr. John L. Lister, his promissory note in words and figures as follows:
"Elizabeth City, N.C. "250.00
"For value received, on or before January 1, 1933, I promise to pay to the order of Dr. John L. Lister Two Hundred and Fifty Dollars with interest from date at the rate of 6% per annum, payable annually.
"As witness my hand and seal this the 14th day of July, 1932.
E. W. LISTER (SEAL) "Witness: _______________"
Plaintiff further alleges and on trial below offered evidence tending to show that said notes were duly presented to defendants, administrator and administratrix, for payment within twelve months from the date of their qualification as such administrator and administratrix, and that no intimation or suggestion from them "with respect to any contention about payment of same was made, and although payment thereof has been requested and demanded on numerous occasions, said defendants have failed to pay same."
Plaintiff further alleges: That said notes are valid obligations against the estate of intestate, are long past due and unpaid, though there are sufficient assets belonging to the estate to pay all indebtedness against it, together with cost of administration; and that the defendants are indebted to him in the principal sum of each note with interest from date for which judgment is prayed.
Defendants, in their answer, while admitting the death of E. W. Lister, and their qualification as administrator and administratrix of his estate, and that "plaintiff sometime after the death of Dr. E. W. Lister made claim against these defendants upon the paper writings which he now alleges to be notes," deny all other material allegations of the complaint; and aver in substance: (1) That if E. W. Lister "subscribed his name to any paper writing or paper writings such as purport to be copied in paragraph 2 of the complaint, such subscription or signing of his name was done without the intention on the part of the late E. W. Lister to adopt, as his own, the word `SEAL' appearing after his name, according to the copies set forth in the said paragraph of the two said paper writings"; (2) that if E. W. Lister delivered "such paper writings" to plaintiff, "such delivery was without consideration . . . in that the said plaintiff was a brother of the late E. W. Lister and for a long number of years had been indebted to the said E. W. Lister for money borrowed, in various large and substantial sums, and that any *Page 558 
money or other thing of value which may have passed from the plaintiff to the said E. W. Lister on or about 19 April, 1932, and on or about 14 July, 1932, did not represent and was not . . . any consideration for the said paper writings . . . but that any money or thing of value delivered to the said E. W. Lister by the said plaintiff . . . were . . . payments by the said plaintiff to the said E. W. Lister for and on account of indebtedness theretofore due and owing by said plaintiff to said E. W. Lister, and these defendants plead such failure of consideration in bar of the plaintiff's right to recover in this action"; (3) that "said paper writings are not, and never were, in fact promissory notes and did not . . . represent any indebtedness from the late Dr. E. W. Lister, or his estate, to plaintiff, Dr. J. L. Lister, and were not given by the one or received by the other with any understanding that the sums of money therein mentioned were ever to be paid, but that on the contrary it was understood between them that such sums were never to be paid by Dr. E. W. Lister to Dr. J. L. Lister; that it was understood and agreed between them that said papers were merely receipts for money paid, or were written in the form of promissory notes in order to permit plaintiff to borrow money thereon, — Dr. E. W. Lister thereby lending his credit to said brother, or were executed solely for some other use to be made thereof by J. L. Lister, but always with the understanding that they evidenced no debt by E. W. Lister to J. L. Lister."
And by way of further answer and defense and for counterclaim defendants aver and say: (1) That the paper writings declared on in the complaint are not "sealed instruments" within the purview of section 437 of N.C. Consolidated Statutes, 1919, and that any cause of action thereon is barred by the three-year statute of limitation, which is pleaded in bar of any recovery thereon; (2) that summons in this action issued 18 May, 1942, more than one year after the issuance of letters of administration to defendants; that claims upon said notes were not duly filed with these defendants within one year of their qualification and the issuance of letters of administration to them, nor were said claims admitted by the defendants; that the personal assets have been exhausted in the payment of debts and defendants have in hand only such funds of the estate as are sufficient to pay certain parts of secured debts, and costs of administration of the estate, upon all of which defendants plead the one-year statute of limitation, C. S., 412, in bar of any recovery by plaintiff; (3) that more than seven years have elapsed since the date of defendants' qualification, and the making of advertisement for creditors of E. W. Lister to present their claims as required by law, in May, 1934, in manner specified, and the seven-year statute of limitation, C. S., 438, is pleaded in bar of any recovery by plaintiff; and (4) that plaintiff is indebted to estate of E. W. Lister (a) in sum of $2,000 with interest *Page 559 
as of 1 January, 1933; (b) in the sum of $224, with interest, by reason of accommodation endorsements as alleged which he had to pay, that is, $122 in December, 1932, and $102 in December, 1933; and (a) in the sum of $500, with interest from 1 January, 1934, for services rendered in collecting certain rents; for all of which judgment is prayed by defendants.
In reply, plaintiff denies the material averments of defendants as set forth in their further defense and counterclaim, and alleges, and on trial below offered evidence tending to show: That his claim was duly filed according to law and accepted and received by and had the approval of defendants; that, after their qualification defendants listed his claim as an item of indebtedness against the estate in inheritance tax report filed by them in 1934, and claimed and were allowed, as a deduction in settlement of inheritance tax, the amount of principal and interest as stated therein, being the same amount for which claim was presented by plaintiff to defendants, that is, the sum of $1,132.92, principal and interest then due; and that in October, 1939, defendants, with joinder of plaintiff, instituted an action in the Superior Court of Pasquotank County for the purpose of selling land to create assets with which to pay the indebtedness of the estate, including plaintiff's claim, which proceeding was pending until May Term, 1942, of said Superior Court, when defendants took a voluntary nonsuit therein, whereupon plaintiff alleges that he instituted this action "as a continuing process or action to recover his claim." Plaintiff further pleads the three-year statute of limitation, C. S., 441, in bar of defendants' right to recover on each of the several causes of action set out in the counterclaim.
Such other evidence as was adduced in the trial court, as is necessary to proper consideration of decisive questions, will be referred to in the opinion hereinafter.
These issues were submitted to and answered by the jury as follows:
"1. Is the claim against defendants' intestate's estate barred by the seven-year statute of limitations? Answer: No.
"2. Is the claim against defendants' intestate's estate barred by the three-year statute of limitations? Answer: No.
"3. Is the claim against defendants' intestate's estate barred by the one-year statute of limitations? Answer: No.
"4. Did the defendants' intestate, E. W. Lister, execute and deliver to plaintiff for valuable consideration the notes in question and made the basis of the claim for the plaintiff? Answer: Yes.
"5. If so, did the defendants' intestate, E. W. Lister, adopt as his own the seal appearing on the note opposite his signature at the time of the execution of the note? Answer: Yes. *Page 560 
"6. What amount, if any, is plaintiff entitled to recover of defendant? Answer: $750 with interest. $250.00 with interest."
From judgment thereon in favor of plaintiff, defendants appeal to Supreme Court and assign error.
While appellants assign as, and stress for error many exceptions taken in the trial below, we deem the treatment of basic questions to be sufficient for correct determination of the points involved. These are accordant with the theory of the trial below, in which we find no prejudicial error.
1. Where in the trial of this action plaintiff produces paper writings, in the form of negotiable notes purporting to be payable to him and to be signed by intestate of defendants, administrator and administratrix, upon which the action is based, and testifies to his possession of them since certain dates, even though such dates correspond with the purported dates of such paper writings, and identifies the purported signatures thereto to be in the handwriting of said intestate, are such paper writings admissible in evidence? Yes. See Pate v. Brown, 85 N.C. 166; Pugh v. Grant, 86 N.C. 40;Kiff v. Weaver, 94 N.C. 274; Johnson v. Gooch, 116 N.C. 64,21 S.E. 39; Trust Co. v. Bank, 167 N.C. 260, 83 S.E. 474.
However, defendants contend that such paper writings are inadmissible in that the admission of them in evidence contravenes the provisions of C. S., 1795, which, briefly stated, provides that upon the trial of an action a party or a person interested in the event shall not be examined as a witness in his own behalf against the administrator of a deceased person, concerning a personal transaction or communication between the witness and the deceased person.
This contention is untenable for these reasons: (1) This Court, in construing this statute, C. S., 1795 (formerly C.C.P., 343, the Code, 590, and Revisal, 1631, successively), has adopted, and applied in a long line of decisions the construction that while such party is incompetent to testify that he saw the deceased person actually sign the particular paper, he is competent to prove the handwriting of such deceased person. Peoplesv. Maxwell, 64 N.C. 313; Rush v. Steed, 91 N.C. 226; Hussey v. Kirkman,95 N.C. 63; Ferebee v. Pritchard, 112 N.C. 83, 16 S.E. 903; Sawyer v.Grandy, 113 N.C. 42, 18 S.E. 79; Satterthwaite v. Davis, 186 N.C. 565,120 S.E. 328. It was no doubt in deference to *Page 561 
these decisions that no exception was taken to testimony of plaintiff. Moreover, after the notes were offered in evidence, M. W. Lister, called as witness for plaintiff, testified that he knew his brother E. W. Lister's signature, that the signature on the notes is his genuine signature, and that the writing in the notes is that of E. W. Lister.
While the purported negotiable notes standing alone do not of themselves constitute evidence, yet accompanied as they are by competent evidence as to handwriting and signature of intestate of defendants, from which jury may infer that the notes are authentic and that they were executed by E. W. Lister, the party by whom they purport to be, they are admissible in evidence. After being identified by such evidence, which is not in conflict with provisions of C. S., 1795, the admission of the notes in evidence is not violative of such provisions.
2. The second question relates to the correctness of the ruling of the court in refusing to grant defendants' motions, aptly made, for judgment as in case of nonsuit. C. S., 567.
Defendants, in their brief filed in this Court, debating the exceptions to refusal to grant these motions, direct their attack upon the ruling only in so far as it relates to their pleas of the three-year, and the seven-year statutes of limitation, under C. S., 441, and C. S., 438, but say nothing, in this connection, with regard to their plea of the one-year statute, under C. S., 412. Thus it appears that the challenge to the ruling on the motions in so far as it is affected by the plea under C. S., 412, is abandoned by defendants. If, however, this were not the case, the evidence appearing in the record, and tending to show that plaintiff filed his claim with defendants within one year after their qualification, and that they admitted it, is sufficient to take the case to the jury with respect thereto. C. S., 412, in pertinent portion, provides: "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against the personal representative after the expiration of that time, and within one year after the issuing of letters testamentary or of administration, provided the letters are issued within ten years of the death of such person. If the claim upon which the cause of action is based is filed with the personal representative within the time above specified, and admitted by him, it is not necessary to bring an action upon such claim to prevent the bar . . ." See Rodman v. Stillman,220 N.C. 361, 17 S.E.2d 336, and cases cited. And the record discloses that the court, in charging the jury on the issues submitted as to the several statutes pleaded by defendants, in bar of the right of plaintiff to maintain this action, made the answer thereto to turn upon the facts the jury should find from the evidence, and by its greater weight, as to whether the claim of plaintiff filed with *Page 562 
defendants as personal representatives of E. W. Lister, deceased, within one year after the issuing of letters of administration, was admitted by them. In this connection it is proper to note that plaintiff alleges in his complaint that the notes sued upon were duly presented to the defendants for payment within twelve months from the date of their qualification; that in answer thereto the defendants admit that "plaintiff some time after the death of Dr. E. W. Lister made claim against the defendants upon the paper writings which he now alleges to be notes"; that on the trial the plaintiff testified that he presented his "claim for those two notes just introduced in evidence" to the administrators in August, 1934; that the defendant M. W. Lister, the administrator, as witness for the plaintiff, testified that his brother E. W. Lister died the latter part of April, 1934; and that "some time in June" the plaintiff "sent the papers to us, of course to file," and on cross-examination said, "This claim was mailed to me in June, 1934"; and that there is no evidence to the contrary. Thus, patently, the court was correct in assuming that plaintiff had filed claim with the personal representatives within one year after the issuing of letters of administration, leaving open for the jury's determination the question as to whether the defendants, the administrators, had admitted the claim as filed. Such construction in the light of the pleadings and the evidence is in harmony with proper construction of the provisions of C. S., 412. And if the claim were admitted it would not be necessary to bring an action on such claim to prevent it being barred. Rodman v. Stillman, supra. On the other hand, if the claim had not been filed and admitted plaintiff could not maintain the action. Hence, as one note in suit matured on 19 April, 1933, and the other on 1 January, 1933, each less than three years prior to the date of death of E. W. Lister, an action on the notes was not then barred by the three-year statute of limitation, C. S., 441, and the filing of claim, and the admission of it, in accordance with the provisions of C. S., 412, would prevent the claim being barred. And any question as to whether the notes were or were not under seal becomes immaterial in this phase of the case.
Moreover, the provisions of C. S., 438 (2) (formerly C. C. P., section 32, Code, section 153, and Revisal, section 392, successively), as construed by this Court in the case of Redmond v. Pippen, 113 N.C. 90,18 S.E. 50, applies to an action against a personal, and where necessary the real representatives, to compel the performance of some right of which the debt itself is the foundation. MacRae, J., writing for the Court, said: "This is the more reasonable, as the result of an action against the personal representative upon an ordinary obligation of the deceased, is simply to ascertain the amount of the debt and fix it in a judgment." Under this construction, C. S., 438 (2), is not applicable to case in hand. *Page 563 
3. The third question relates to the charge of the court that the burden of proof as to the fifth issue is upon the defendants to satisfy the jury on the evidence, and by its greater weight, that E. W. Lister did not adopt as his own the word "Seal" appearing on the notes. The charge is in keeping with the decisions of this Court in the cases of Allsbrook v. Walston,212 N.C. 225, 193 S.E. 151, and Currin v. Currin, 219 N.C. 815,15 S.E.2d 279. Furthermore, here the words, "Witness my hand and seal," appear in the body of the notes above the signature, and the notes contain all the evidence bearing on the subject.
4. The fourth question relates to those portions of the charge on the fourth issue wherein the court instructed the jury to the effect that as each of the notes in question bears the recital "for value received," there is a presumption that each was executed for a valuable consideration. This is in accord with the statute, C. S., 3004, which provides that "every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." Upon this rule the court instructed the jury that "under all the evidence . . . if you believe it and find the facts to be as all the evidence tends to show, you would answer that fourth issue Yes . . ." Careful consideration of the evidence in the record fails to show that this instruction is not well founded.
5. The fifth question pertains to the exclusion of certain entries in the handwriting of E. W. Lister, the intestate, in a book which he kept and which was found in his room after his death. Exceptions 11 and 13. The entries are these:
 "1932 "April 19th, 1932 Dr. John L. Lister Paid 700.00 on his note 638.85 I gave him my note as a receipt for same. -------------------------------------- "July 14, 1932 Pd. by check $250.00 Receipt given."
Plaintiff's objection thereto is well taken (1) for that a personal representative cannot introduce declarations of the deceased unless they are a part of the same conversation or statements proven by the opposite party, Johnson v. Armfield, 130 N.C. 575, 41 S.E. 705; and (2) for that they were in the interest of the party making them — that is, "the *Page 564 
law does not allow a party to make evidence for himself and those who claim to take benefit of such declarations under him." Austin v. King,91 N.C. 286.
6. The sixth question is as to the sufficiency of the issues submitted. Exceptions 17 to 28, both inclusive. Defendants tendered eleven issues, the first eight of which relate to plaintiff's alleged cause of action, and the last three to defendants' alleged counterclaim, all of which the court refused to submit.
Issues submitted are sufficient when they present to the jury proper inquiries as to all determinative facts in dispute, and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly.Hill v. Young, 217 N.C. 114, 6 S.E.2d 830, and cases cited. Also,Saieed v. Abeyounis, 217 N.C. 644, 9 S.E.2d 399; Oliver v. Oliver,219 N.C. 299, 13 S.E.2d 549. When tested by this rule, the issues submitted in the present case meet all the requirements, in so far as the plaintiff's cause of action is concerned. However, issues pertaining to defendants' counterclaim arise upon the pleadings, and these, tendered by defendants, were refused by the court, to wit:
"9. In what amount, if any, is plaintiff indebted to defendants by reason of the 1927 loan of $2,000 and the 1929 loan of $1,600?
"10. In what amounts, if any, is plaintiff indebted to defendants by reason of payments made by Dr. E. W. Lister to Zenas Pritchard?
"11. In what amount, if any, is plaintiff indebted to defendants by reason of services of Dr. E. W. Lister as managing agent for plaintiff?"
In this connection the record fails to show that plaintiff made a motion for judgment as in case of nonsuit, or that the court made any ruling as to defendants' counterclaim. Hence, the question arises as to whether there is any evidence in the record of sufficient probative force to support a verdict on either of the above issues numbered 9, 10 and 11. And this necessitates also consideration of exceptions to exclusion of certain evidence offered by defendants. Exceptions 14 and 15.
9th Issue: As to indebtedness of plaintiff for loan or loans to which this issue relates, the case on appeal contains no evidence whatever tending to show any such particular transactions.
10th Issue: As to indebtedness of plaintiff for payments made by Dr. E. W. Lister to Zenas Pritchard, defendants proposed to introduce in evidence two checks in the handwriting of, and drawn by Dr. E. W. Lister on the First and Citizens National Bank of Elizabeth City, N.C. to order of Zenas Pritchard, the first dated 21 December, 1932, for $122.00, and the second dated 23 December, 1933, for $102.00, each bearing endorsement "Zenas Pritchard," the first being stamped "PAID 12-21-32," and the second, "PAID 12-27-," together with these entries *Page 565 
on corresponding stubs, also in the handwriting of Dr. E. W. Lister. The first reads:
"$102.00 20.00 ------ $122.00 Dec. 21, 1932. To J. L. L. note Int. For _________________"; and the second: "102.00 Dec. 23, 1933. To Zenas Pritchard For J. L. L. 1933 int."
Upon objection, these checks and entries were excluded. Defendants except.
Manifestly, the entries on the check stubs are incompetent for the reasons assigned above in considering the eleventh and thirteenth exceptions. Johnson v. Armfield, supra; Austin v. King, supra. The checks, while payable to Zenas Pritchard, show nothing in themselves to indicate, or from which it may be inferred, that they were being drawn for the benefit, or in payment of debts of plaintiff, J. L. Lister. Without some earmark, other than self-serving declarations, to identify the checks as having been given for the benefit of plaintiff, they are immaterial and incompetent as evidence against him. But defendants contend that, in the light of the testimony of plaintiff that he gave his note to Dr. E. W. Lister for $1,700 and he "signed it on the back" and got the money from Zenas Pritchard for the note, interest on that amount for one year at the rate of six per centum per annum would be $102, the amount of one of the checks, and that this is some evidence from which the jury may infer that the check was in payment of interest due by plaintiff on his said note. This is speculative — and insufficient. And it is fair to state that plaintiff testified, without objection, that he paid the Pritchard note, "made all the payments of both principal and interest, but not direct to Mr. Pritchard."
11th Issue: As to indebtedness of plaintiff on account of services of Dr. E. W. Lister as his managing agent, there is no evidence from which the jury could infer that anything he did in looking after farms of plaintiff was for or in expectation of pay, or how much such services as he rendered were worth. On the other hand, plaintiff testified, without objection, that "Dr. Elisha Lister looked after some of my farms for *Page 566 
me in Pasquotank County sometimes. They were rented out to tenants and sometimes Dr. Elisha arranged for the management of those farms in my behalf. I did not pay Dr. Elisha Lister any money for these services and he never presented me a bill for anything. That was a proposition between us. We settled that together ourselves . . . I don't know what he did about looking after the work going on on the farm during the year . . . he had been looking after the farm during the growing of the crops and would tell me about it, and it was a pleasure for him to do that . . . My brother never charged me anything for looking after the farms. I never heard of there being any claim until after this suit was started."
Thus we find no error in the refusal of the court to submit the 9th, 10th and 11th issues tendered by defendants.
Other exceptive assignments have been given due consideration. In the judgment below, we find
No error.