J. C. FEREBEE et als. v. S. H. PRITCHARD et als.

*Partition—Deed in Fraud of Marital Rights—Constructive Notice—New Trial. -*

1. A voluntary conveyance of her property by a woman in contemplation of marriage, which afterwards takes place, is a fraud upon her husband if he be not apprised of the existence of the deed.

2. Actual notice of a deed made after the marriage engagement and without the prospective husband's consent will not affect his rights; *a fortiori*, constructive notice arising from the registration of such a deed fourteen days before the marriage could not have that effect.

3. The fact that such deed is made for the benefit of children of a former marriage, who were innocent of the fraud, does not change the rule above noted.

4. The defendant, whose wife is dead and who seeks to avoid a deed made by her as a fraud upon his marital rights, is a competent witness to prove that the signature to a letter in which she promised to marry him was in her own handwriting, it not being a "transaction" with a deceased person within the meaning of section 590 of *The Code*.

5. This Court, in granting or refusing an application for a new trial, for newly discovered testimony, will do so without discussing the facts upon which the same is based.

PETITION for partition, commenced before the Clerk and transferred for trial to the Superior Court of CURRITUCK County, and tried before *Hoke, J.*, and a jury, at Fall Term, 1892.

Plaintiffs introduced deed from Mary J. Northern to her children, W. D. Northern and others, and to such other child or children as she might have by any marriage thereafter, etc.

*Feme* plaintiff and the Northerns are, the same parties named in the deed as the children of Mary J., and the defendants, other than E. W. Holt, are the children of Mary J. and her second husband, E. W. Holt. At the time the deed was executed the children by said Holt were not *in esse;* Mary J. Northern and E. W. Holt were married September 22, 1866, the deed was executed August 27, 1866, and recorded September 8, 1866. Holt and wife were actually possessed of land during coverture. The lands conveyed by the deed are the same as described in petition or complaint, and both plaintiffs and defendants (other than E. W. Holt) claim under the deed from Mary J. Northern.

Defendant E. W. Holt testified that he had no notice of the deed of Mary J. Northern until after the suit was brought; that he never consented to the same; that after the death of his wife, December, 1891, he might have written J. C. Ferebee that he was willing for the deed to stand as his wife had intended; that afterwards he offered plaintiffs, if they would allow his children by Mary J., his wife, to come in as tenants in common, he would be satisfied, but this was before he had consulted counsel or had any information as to his marital rights in the land mentioned in the deed. He then offered a letter from Mary J. Northern, whom he afterwards married, which was as follows:

"OCTOBER 20, 1865.

"MR. HOLT:—I have made up my mind to marry you anyhow, don't matter what anybody says; I have made up my mind to that effect, they may say what they please.

"Yours truly     (Signed)   MARY J. NORTHERN."

Defendant testified that he knew the handwriting of his wife, and the letter and signature were in her own handwriting. Plaintiffs objected to the introduction of the paper, but it was allowed, and plaintiff excepted.

A. J. Davis was introduced in behalf of defendant E. W. Holt, and testified he visited Mary J. Northern during 1866, and E. W. Holt was there, and was employed by her to manage and superintend her farming; that he and she seemed to be intimate; that he visited Mary J. Northern until after July, 1866, and stopped because it was no use for him to continue.

The plaintiffs introduced J. C. Ferebee, who testified he went to see E. W. Holt shortly after the death of his wife; that he said to Holt, "I suppose you are aware your wife made a deed of all her lands to her children?" and he readily replied, "Yes"; that Holt told witness at Currituck court-house he would be satisfied if his children were allowed to come in equally with plaintiffs; that the deed should remain as his wife desired; that the offer was not accepted by the plaintiffs, or by any one for them; that Holt wrote witness, after above conversation, that he was willing that the deed should remain as his wife had made it, conveying the lands to all her children.

The issues agreed upon were as follows:

1. Are the defendants (children of Mary J. by E. W. Holt) tenants in common with the plaintiffs?

2. Was there a contract of marriage between Mary J. Northern and E. W. Holt on the 27th day of August, 1866?

3. If so, did the defendant E. W. Holt marry Mary J. Northern without notice of the deed, etc.?

4. If so, did he consent to the said deed after his marriage with said Mary J. Northern?

The Court charged the jury that, upon all the evidence, they should answer the first issue, Yes; that there was no evidence of defendant E. W. Holt consenting to the deed, and that the jury should answer the fourth issue, No.

The Court, on the second issue, submitted to the jury the paper-writing introduced by defendant Holt, and evidence of A. J. Davis, and the other evidence *pertinent* offered by plaintiff and defendant, and charged the jury if they believed from the evidence the defendant Holt and Mary J. Northern were engaged to be married at the time the deed was executed, they should answer the third issue, Yes.

There was verdict for the defendants, and from the judgment thereon plaintiffs appealed.

*Messrs. Grandy & Aydlett,* for plaintiffs (appellants).
*Mr. W. D. Pruden,* for defendants.

SHEPHERD, C. J.: "It is now clearly settled in this State that a voluntary conveyance of her property by a woman in contemplation of a marriage which afterwards takes place, is a fraud upon the husband, if he be not apprised of the existence of the deed." *Spencer* v. *Spencer,* 3 Jones' Eq., 404; *Logan* v. *Simmons,* 3 Ired. Eq., 487; *Tisdale* v. *Bailey,* 6 Ired. Eq., 358; *Poston* v. *Gillespie,* 5 Jones' Eq., 258; *Goodson* v. *Whitfield,* 5 Ired. Eq., 163; *Baker* v. *Jordan,* 73 N. C., 145. In the present case it is found by the jury that on the 27th of August, 1866 (the date of the execution of the deed from Mary J. Northern to her children by a former marriage), there was a subsisting contract of marriage between the said Mary and the defendant E. W. Holt, which contract was consummated on the 22d day of the following month. It is further found by the jury that the said Holt had no knowledge, at the time of his marriage, of the said deed and that he has never assented

to the same. Under these circumstances it would seem very plain that the deed is voidable by the husband as a fraud upon his marital rights; but it is insisted that, as it was registered some fourteen days before the marriage, the husband was affected with constructive notice and that the principle deducible from the foregoing authorities is therefore inapplicable. The plaintiffs' counsel was unable to produce any authority to show that the doctrine of constructive notice has been extended to cases of this character. On the contrary, it has been decided by this Court (*Poston* v. *Gillespie, supra*) that even actual notice before the marriage will not affect the husband's rights, provided the deed be made without his consent after the engagement .In this case the deed was executed after the engagement, and, as actual notice would not have prevented the husband from avoiding it, *a fortiori* constructive notice could not have that effect.

It is next insisted that there is a distinction in cases where the deed is made for the benefit of children by a former marriage who have no knowledge of the fraud. It is sufficient to say that this Court has repeatedly held the law to be otherwise. In *Tisdale* v. *Bailey, supra,* RUFFIN, C. J., in reference to this very question, remarked: "As to the idea that the children can hold under the deed upon the ground of their innocence of any fraud, it is altogether inadmissible. Lord Chief Justice WILMOT said, in *Bridgeman* v. *Greene* (Wilson's Notes, 64), that, though not a party to an imposition, whoever receives anything by means of it must take it tainted with the imposition: partitioning and cantoning it out among relations and friends will not purify the gift and protect it against the equity of the person imposed upon. Let the hand receiving it be ever so chaste, yet, said he, if it comes through a polluted channel, the obligation of restitution will follow it." *Goodson* v. *Whitfield* and *Logan* v. *Simmons, supra.*

The exceptions to the charge of the Court cannot be sustained. There was no evidence that the husband had notice of or consented to the execution of the deed before his marriage; nor does it appear that he has, since the death of his wife, ever unequivocally consented to the same or done any other act by which he is precluded from relief. We are also of the opinion that the testimony of A. J. Davis and the letter of Mrs. Northern to E. W. Holt were sufficient to warrant the jury in finding that there was a contract of marriage between the parties at the date of the execution of the deed. The objection that Holt was incompetent as a witness to prove that the signature to the letter, in which Mrs. Northern promised to marry him, was in her handwriting, cannot be sustained. It was not a "transaction" with a deceased person within the meaning of section 590 of *The Code*. *Rush* v. *Steed*, 91 N. C., 226.

As to the motion for a new trial on the ground of newly discovered evidence, we have carefully examined the affidavit of the plaintiffs and after due consideration have concluded that it does not present a case which calls for the intervention of the Court. In *Brown* v. *Mitchell*, 102 N. C., 347, we stated "that this Court will as a rule, in future, grant or refuse such motions without discussing the facts embodied in the petitions or affidavits of the moving party, as we cannot see that any good will be accomplished by contributing another to the volumes that have been written upon the exercise of legal discretion in deciding questions raised by applications for new trials."

Upon an examination of the whole record we are unable to find any error. The judgment must therefore be

Affirmed.