H. G. HERNDON v. THE NORTH CAROLINA RAILROAD COMPANY.

*Practice—Motion in Supreme Court for New Trial—Notice—Costs.*

1. Inasmuch as the granting or refusing in this Court a new trial for newly discovered evidence is a matter of discretion resting upon the peculiar circumstances of each case and not a matter of law, so as to establish a precedent for future guidance, the Court will not discuss the facts but simply grant or refuse the motion

2. Where a motion in this Court for a new trial, for newly discovered testimony, is contemplated, notice of such motion, with a copy of the affidavit relied upon, should be served upon the opposite party at least ten days before the beginning of the call of the District to which the cause belongs.

3. Inasmuch as heretofore there has been no precedent requiring ten days notice of a motion for a new trial because of newly discovered testimony, and the appellee having had time to file counter affidavits, and having done so, the motion will not be denied for failure to serve such notice.

4. When a new trial is granted on motion in this Court, for newly discovered evidence, the costs in this Court will fall on the party making the motion, unless in exceptional cases and for special reasons.

DOUGLAS, J., dissents *arguendo*, in which FURCHES, J., joins.

ACTION for damages tried before *Timberlake, J.*, and a jury at June (Special) Term, 1897, of DURHAM Superior Court. There was a verdict for the plaintiff and from the judgment thereon defendant appealed. In this Court a motion was made for a new trial on the ground of newly discovered evidence.

*Messrs. Boone & Bryant* and *Winston & Fuller*, for plaintiff.
*Mr. F. H. Busbee*, for defendant (appellant).

CLARK, J.: The granting or refusing in this Court a new trial for newly discovered evidence, being a matter of discretion, resting upon the peculiar circumstances of each case, and not a matter of law from which a precedent can be laid down for future guidance, the Court will never discuss the facts in an opinion, but simply grant or refuse such motion as it deems will best subserve the ends of justice. *Brown* v. *Mitchell*, 102 N. C., 347; *Ferebee* v. *Pritchard*, 112 N. C., 83; *Clark* v. *Riddle*, 118 N. C., 692; *Nathan* v. *Railroad*, Ibid, 1066. The Court in the present instance, upon consideration of the affidavits, grants the motion.

It is proper to say that, when a motion for a new trial for newly discovered evidence in this Court is contemplated, notice of such motion should be always given the other side and a copy of the affidavits served therewith. The respondent should also serve a copy of his counter affidavits, if time permits. Thus there will be no surprise on either party and

the Court will be put in full possession of the facts. The appellant should give this notice at least ten days before the beginning of the. call of the District to which the cause belongs, unless the information comes to him after that time, when the Court may shorten the notice and, if necessary, give the respondent time to file counter affidavits. *Code*, Section 595. New trials for newly discovered evidence are not favored either in the trial Court or on appeal, and the party moving on that ground must not only negative *laches* in himself in discovering the evidence relied on, but must give reasonable notice to the other party of the motion based thereon. In this case ten days notice was not given, as it should have been, but there had been no precedent requiring it, and the appellee had opportunity to file counter affidavits, and did so.

The appellant will pay the costs in this Court. When a new trial is granted, the costs of the appellate Court are always a matter of discretion. *Code*, Section 527 (1). When the new trial is on the ground of newly discovered evidence, the costs of the appellate Court should always fall upon the party obtaining the new trial, unless in exceptional cases and for special reasons, since the other party is in no *laches*, as is shown by its having obtained the judgment below. This is also a wholesome rule of practice, as new trials on this ground are outside of the regular course and are only granted, in discretion, when justice requires a departure from the usual procedure. By analogy, when a continuance is asked for on the ground of newly discovered evidence, the Statute expressly forbids it to be granted except upon payment of the costs of the Term. *Code*, Section 402 (2).

Motion allowed.

DOUGLAS, ·J., dissenting: I fully concur in the rules laid down by the Court to be followed in all applications for a new trial on account of newly discovered evidence; but I

cannot concur in its judgment granting a new trial, as not a single one of the imperative rules has been observed by the appellant. No notice whatever was given to the appellee who was left in entire ignorance of the intention of the appellant until the case was called for hearing in its regular order upon the docket of this Court. The appellant does not, in my opinion, show due diligence in obtaining this testimony. The testimony itself is slight, one of the three affidavits being simply as to character, and another as to diligence, leaving only one of a substantive character, and that applying properly only to the issue of contributory negligence. The granting a new trial in this case gives to the appellant all that he could possibly obtain by a successful prosecution of his appeal, and deprives the appellee of the benefit of his judgment upon purely *ex parte* testimony, without the opportunity of defence. In the conscientious exercise of an equitable discretion, I am forced to respectfully dissent from the judgment of the Court.

FURCHES, J.: I concur in the dissenting opinion.