ORR v. SOUTHERN BELL TELEPHONE COMPANY.

(Filed June 10, 1902.)

NEGLIGENCE—*Contributory Negligence—Personal Injuries—Tele-phones.*

> Where a telephone company fails to furnish an employee with proper tools and appliances, with which to do dangerous work, it is liable for injury caused by such negligence.

ACTION by J. S. L. Orr against the Southern Bell Telephone Company and others, heard by Judge *H. R. Starbuck* and a jury, at March Term, 1902, of the Superior Court of MECKLENBURG County. From a judgment for the defendant, the plaintiff appealed.

*Jones & Tillett,* for the plaintiff.
*Maxwell & Keerans,* for the defendant.

FURCHES, C. J.   This action is brought to recover damages for injuries received in taking down a telephone pole, caused by the negligence of the defendant. The evidence discloses the fact that one Wood was the superintendent of the defendant in charge of this work; that on the morning the plaintiff was injured he came up town to work on another job and Mr. Wood told him, "You can drop off from your work; I want you to go out with Purtle on the long-distance telephone line." The tools and appliances necessary for such work were in the tool-house of the defendant locked up, and Wood had the key.   He unlocked the door and told the hands to put the tools in the wagon, and plaintiff put some of them in the wagon.   He then went down stairs after some tie wire and while down there "they" called, "Come on, we are ready," and he hurried down, got his "dinner bucket," got in the wagon and off they went to where the work was to be done, a distance of about six

miles.   There were five of them, and they were to work under
Mr. Purtle, and when they got to the place where the work
was to be done Purtle put them to work—some to digging up
the old poles and some to digging holes for the new poles.
When they got the old pole ready to come down Purtle said,
"Come on boys and take it down."   This they undertook to
do, but found they had neither pikes or "dead men" to do it
with, and they undertook to take them down by hand and by
using shovels in place of pikes.   "Dead men" and pikes are
the usual implements used in doing such work, and plaintiff
contends that if they had had pikes and "dead men" the pole
would not have fallen and he would not have been hurt.   The
plaintiff contends that Wood had the right to hire and dis-
charge, and though he thought it was dangerous to take down
these poles without pikes and "dead men," he feared that if he
did not obey the orders of Purtle he would be discharged by
Wood.

The defendant undertakes to defend itself against the
charge of negligence in not furnishing the necessary tools and
appliances upon the ground that such tools and appliances
were in the tool-house, and that it was the duty of the plaintiff
to have gotten them; that he and the other hands were told to
go to the tool-house and get the tools.   This does not seem to
us to be a satisfactory answer.   Purtle was there and he was
the "boss," and, it seems to us, it would have been rather offi-
cious in the plaintiff, who had just been hired that morning
for a day's work, to have undertaken to supersede Purtle and
"boss" the job.

We do not lay any stress upon the contention that plaintiff
was afraid he would be turned off and lose his job if he did
not obey Purtle.   This doctrine has been carried to a very
great extent, but it has never been carried to the extent of ap-
plying it to a hand employed for *one day,* so far as we are

aware, and we do not propose to carry it to that extent in this case.

But we do think it was the duty of the *defendant* to furnish the plaintiff with the proper tools and appliances with which to do this dangerous work, and that it was not the duty of the *plaintiff* to furnish them.     There was error in dismissing the action as upon nonsuit.

New trial.