W. D. BAILEY v. MEADOWS COMPANY AND THE CAROLINA, CLINCHFIELD AND OHIO RAILROAD.

(Filed 20 December, 1910.)

1. Master and Servant—Safe Appliances—Requirements.

The master is not required to adopt every new appliance for the safety of the servant as soon as it is known, but he is answerable in damages to the servant for an injury received through his failure to furnish proper appliances that are in general use to do dangerous work.

2. Same—Evidence Sufficient.

The servant was employed to load rails on a car, and was injured while turning one of them after it had been placed on the car. There was evidence tending to show that three railroad companies furnished a certain kind of tongs for this purpose, and had one been furnished the plaintiff the injury would not have occurred: *Held*, evidence sufficient to go to the jury as to the master's liability in failing to furnish a proper appliance to the servant.

PETITION to rehear this case, reported 152 N. C., 603.

*Pless & Winborne for plaintiff.*
*Hudgins, Watson & Johnston for defendants.*

BROWN, J. When this cause was considered at last term, we held that upon the evidence no liability attached to either defendant, for the reasons stated in the opinion. As the plaintiff was not the employee of the railroad company, whose road was in course of construction by Meadows & Co., contractors, we see no reason to reverse our judgment of last term as to the defendant, the C. C. and O. Railway Company.

But our attention has been called upon the rehearing to evidence tending to prove that Meadows & Co. failed to furnish

the proper implements for handling the large steel rails, and that such failure was the proximate cause of the injury.

Although that point is not discussed in the opinion, it was considered by the Court, and we then thought that there was not sufficient evidence that there were such implements in general use.

Upon a review of the record, and considering the evidence now more specifically pointed out, we are of opinion that there was sufficient evidence to go to the jury upon that feature of the case.

That it is the duty of the master to furnish the servant proper appliances to do dangerous work, if there are such in general use, is well settled. *Orr v. Tel. Co.,* 130 N. C., 627. This negligence of the master "consists in his failure to adopt and use all approved appliances which are in general use and necessary to the safety of the employees in the performance of their duties." *Marks v. Cotton Mills,* 135 N. C., 290. The master is not required to adopt every new appliance as soon as it is known.

It is now claimed that there is evidence sufficient to go to the jury that there were tongs used for the purpose of handling such rails, and which if furnished by Meadows & Co. on the occasion plaintiff's hands and fingers were mashed would have prevented the injury. Upon a more careful examination and consideration of the evidence, we are now of that opinion.

The witness McGaillard testified that he had seen rails loaded on cars and had worked in constructing railroads; that "we laid the rails on the car first like this boy told you, and then we had tongs to place them with"; that he had seen such tongs in use on the Southern Railway, the Tennessee Central, and the Harriman.

It is in evidence that the plaintiff was hurt after the rails were loaded on the car and in turning a rail so as to place it in proper position, and it is a fair inference that had he been supplied with the tongs referred to, plaintiff would not have been hurt. It is not necessary that the plaintiff should prove that such tongs are used on every railroad, but the fact that they

are in use on three railway systems is sufficient evidence to justify a jury in finding that they were in general use.

The petition is allowed as to the defendant the Meadows Company and dismissed as to the C. C. and O. Railway. As to the Meadows Company, the judgment of the Superior Court is affirmed.

Let all the costs of this Court, as well as of the Superior Court, be taxed against the defendant Meadows Company.