## JOB MURDOCK v. CAROLINA, CLINCHFIELD AND OHIO RAILROAD COMPANY.

(Filed 8 May, 1912.)

**1. Evidence—Opinion—Actual Observation—Safe Appliances.**

It is competent for a servant, injured in the scope of his employment by a rail, which he and other employees had been carrying, bounding upon him as they were placing it upon the ground, to testify that the rail would not have bounced if tongs had been supplied him, when he is speaking of facts within his own observation.

**2. Master and Servant—Safe Appliances—"Known and Approved" —Evidence.**

In order to show that a certain implement should have been furnished by a master to a servant for the performance of certain duties, the failure to furnish which is alleged as the cause of a personal injury received by the servant, it is not necessary to prove that the implement was in universal use, and several instances may be sufficient—especially, as in this case, when the implement is well known and has been in use for a long time. *Orr v. Telegraph Co.,* 132 N. C., 691, cited and approved.

**3. Jurors—Misconduct—Motions—New Trial—Practice—Appeal and Error.**

A motion to set aside a verdict of the jury for misconduct of a juror must ordinarily be made before the trial court, unless it was not known to the complaining party until after adjournment, and then only on appeal in civil cases. It appearing in this case from the affidavits that a new trial should not be granted, the motion is denied without discussion.

Appeal by defendant from *Foushee, J.,* at November Term, 1911, of Mitchell.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Charles E. Greene and Black & Wilson for plaintiff.*
*J. C. Biggs for defendant.*

Clark, C. J. This is an action for personal injury. There was evidence that the plaintiff and others were engaged in carrying with their hands heavy steel rails, weighing about 850 pounds each. Under the direction of a foreman they were

required to do this, causing them to walk sideways. The plain-
tiff alleges that if steel tongs had been furnished, the rails
could have been carried much more conveniently and when laid
down would not have bounced and have injured him, this being
the manner in which he was hurt.

The first exception is that the plaintiff was allowed to state
whether or not in placing a rail with tongs the rail would
bounce. This was not an opinion of the witness, but a fact
which he stated from his own knowledge and experience, and
the question was competent. *Burney v. Allen,* 127 N. C., 476;
*S. v. McDowell,* 129 N. C., 523; *Britt v. R. R.,* 148 N. C., 37.

The second and third exceptions are because the plaintiff was
allowed to testify that railroad tongs were approved and in
general use. *Orr v. Telephone Co.,* 130 N. C., 627; *Rushing v.
R. R.,* 149 N. C., 160. In *Bailey v. Meadows Co.,* 154 N. C.,
72, *Brown, J.,* says: "It is not necessary that the plaintiff
should prove that such tongs are used on every railroad, but the
fact that they are in use on three railroad systems is sufficient
evidence to justify the jury in finding that they were in general
use." Indeed, it ought hardly to call for proof that it was
negligence not to furnish an appliance so long in use and so
well known. *Orr v. Telegraph Co.,* 132 N. C., 691. The
exceptions for refusal to nonsuit do not need to be discussed.

The defendant moved in this Court to set aside the verdict
for misconduct of a juror. This motion, like that for a new
trial for newly discovered testimony, must ordinarily be made
before the trial court, but there is an exception (though in civil
cases only, *S. v. Lilliston,* 141 N. C., 865), when the knowledge
does not come to the appellant till after the court below has
adjourned. *Turner v. Davis,* 132 N. C., 187, and cases there
cited. It is true, those cases were where the new trial was
asked on the ground of newly discovered testimony; but the
same principle must apply in a case of this kind. Upon reading
the affidavits, we find that the affidavits of the appellant are
denied and the declarations imputed to the juror are fully ex-
plained in the affidavit of the juror himself, which is filed by
the appellee. As in motions for newly discovered testimony, it
would serve no purpose to discuss the evidence, but the Court

will simply render its decision. *Brown v. Mitchell,* 102 N. C., 367; *Herndon v. R. R.,* 121 N. C., 498, and cases there cited; *Crenshaw v. R. R.,* 140 N. C., 193. The motion is denied.

No error. ·