A. C. HASSELL v. DANIELS, PUGH & CO.

(Filed 18 September, 1918.)

1. **Master and Servant—Employer and Employee—Negligence—Safe Place to Work—Evidence—Nonsuit—Trials.**

    Where there is evidence tending to show that an employee was directed by his superior to oil the cups on top of the defendant's compressor every half-hour, requiring him to stand on a ledge 3 or 3½ inches wide, wet with oil, 2 or 2½ feet from the floor, which, according to the blue-print and custom, should have been level with the ground; that the oiling in this manner required him to stand on this ledge, with an oil can in one hand and a funnel in the other, closely between a rapidly revolving 14-foot drive-wheel and rapidly moving piston-rod and shaft; that a guard-rail was customarily used and could have been provided, at small expense, which would have prevented the accident; and that the injury complained of was caused by the existing conditions: *Held*, the place provided by the employer is not a safe place to work, as a matter of law; the evidence is sufficient to take the case to the jury, upon the issue of defendant's actionable negligence and proximate cause, and a judgment of nonsuit will be set aside on appeal.

2. **Same — Pleadings — Contributory Negligence — Proximate Cause—Evidence.**

    *Held*, under the evidence of this case, the question of proximate cause was for the jury, and there was no evidence of contributory negligence under the allegations in the answer.

3. **Pleadings—Assumption of Risks.**

    The doctrine of assumption of risks must be pleaded to make this defense available.

APPEAL by plaintiff from *Connor, J.,* at May Term, 1918, of DARE.

This is an action to recover damages for personal injury, the plaintiff alleging that he was in the employment of the defendants and that they failed to furnish him a reasonably safe place to work and to provide

safety appliances in general use, and that he was injured by reason thereof.

At the conclusion of the evidence his Honor entered judgment of non-suit, and the plaintiff excepted and appealed.

*Ehringhaus & Small for plaintiff.*

*C. R. Pugh, B. G. Crisp, W. A. Worth, C. E. Thompson, Aydlett, Simpson & Sawyer, and Meekins & McMullan for defendant.*

ALLEN, J. The plaintiff offered evidence tending to prove that he was in the employment of the defendants at the time of his injury, and that one Hogan, another employee, was his superior, whose orders and directions he was compelled to obey; that on the night he was injured, about 12 o'clock, Hogan was asleep, but had left orders for plaintiff to oil the cups of the compressor every half-hour; that the compressor in this factory is a large machine, designed to sit flat on the floor, but when installed in this plant, instead of following blue-print specifications, it was put up on a concrete bed or table some 2½ feet above the floor; that this was done on account of the marshy character of the ground, to prevent having to dig a deep trench for the big 14-foot drive-wheel; that instead of making the bed or table large enough for one to stand on in safety, only a 3- or 3½-inch ledge was left; that facing the north end of this bed or table the 14-foot drive-wheel was on the left, about 2 feet away; that the axle to this worked in a journal on top of the compressor machine, and on top of this journal were oil cups; that to the right and on the right side of the compressor was the piston-rod, arm, and shaft; that the compressor was a solid-iron machine, bolted down, with a rim to catch oil around the edges; that the only way provided to oil the cups in this factory was to step up astride the northeast corner of the bed or table, with the feet resting on the narrow ledge, which had become slippery with oil, and, leaning forward, resting the body against the compressor machine, with oil can in right hand and funnel in left, pour oil into cups, there being just room enough for the right elbow to clear the piston-arm and the left elbow the inside drive-wheel; that both of these were revolving at the rate of 70 a minute; that if the machine had been installed on the floor as designed, there would have been enough room for one to catch himself, even if the arm had been knocked by the piston, but, standing on the narrow, slippery ledge when this happened, one could only fall in the drive-wheel, as there was no rail to guard against this, though a rail had been provided; that it would have cost but a trifling amount to provide a rail, and such were in general and approved use; that such a rail or guard would have prevented the injury to plaintiff; that plaintiff, while oiling these cups, near midnight, under orders, had his right

arm knocked by the piston, and this, on account of the narrow, slippery ledge, caused his left foot to slip off and himself to fall into the driving-wheel; that in consequence he was carried around by the wheel, thrown to the ceiling, across the machinery, then to the floor, and severely injured, losing his leg and suffering several fractured bones, loss of time, earning capacity, and great pain of body and mind.

This evidence must be accepted as true on a motion for judgment of nonsuit, and the plaintiff is entitled to every inference therefrom in his favor that may be reasonably inferred, and when so considered it proves a breach of duty on the part of the defendants, which caused the injury to the plaintiff, in that it shows that the defendants failed to provide a reasonably safe place to work, and to use appliances approved and in general use, which is the measure of duty imposed on the defendants by law. *Deligny v. Furniture Co.*, 170 N. C., 201, and cases cited.

The plaintiff was injured while performing a duty for the defendants under orders from his superior, and he was required to stand above the floor, on a ledge about 3 inches wide, made slippery by the dripping oil, and to lean forward, with an oil can in one hand and a funnel in the other, both necessary implements in the performance of his duty, and pour oil in cups between a piston-arm and drive-wheel, each making 70 revolutions a minute, and when he necessarily came within 3 or 4 inches of the moving machinery, and this cannot be held to be a safe place to work, as matter of law.

The case is stronger for the plaintiff than *West v. Tanning Co.*, 154 N. C., 44, in which a recovery for damages was sustained.

There is also evidence that it is usual and customary in plants like those operated by the defendants to have a rail by the drive-wheel, and that if one had been present the plaintiff would not have been injured.

The question of proximate cause involved in the first issue was for the jury, under the authority of *Taylor v. Lumber Co.*, 173 N. C., 112, and cases cited; and if there is evidence of assumption of risk, which is doubtful, this defense is not pleaded, nor is there any evidence to support the allegations of contributory negligence in the answer, to wit: (1) That plaintiff belonged in another part of the mill and had left his own work to go to a place where he had no business, and (2) that there was another and safe way in which to oil, to wit, stand in the oil trench.

The judgment of nonsuit must therefore be set aside, in order that the matters in controversy may be submitted to a jury.

Reversed.