A. C. HASSELL v. E. R. DANIELS et al.

(Filed 15 September, 1920.)

1. **New Trials—Appeal and Error—Nonsuit—Opinion of Supreme Court—Verdict Directing—Evidence—Trials.**

　　Where, on a former appeal from a judgment of nonsuit on the question of whether an employer had negligently failed to furnish his employee a safe place to work, the Supreme Court following its uniform ruling in considering only the evidence in plaintiff's favor, interpreted in the light most favorable to him, said the place in question could not, as a matter of law, be held a safe place, this expression does not justify a directed verdict on the appropriated issue on the new trial granted, where the further evidence is conflicting as to whether the place was in fact a safe one under the principles of law applicable.

2. **Employer and Employee—Master and Servant—Evidence—Safe Place to Work—Opinion.**

　　Where the negligence of the defendant depends upon whether he failed in his duty to furnish his employer, the plaintiff in the action, a safe place to oil his machinery, it is competent for a witness to testify in the defendant's behalf that a person of the plaintiff's height could have safely stood on a box provided for the purpose and have thus oiled the machinery, the witness being an experienced and trained machinist, familiar with this type of machine, both as to its operation and upkeep, and had made personal observation of the condition at this plant, and the very machine in question, whether the evidence be considered as a statement of a fact, or of the opinion of the witness thus qualified to speak.

Civil action, tried before *Lyon, J.,* and a jury, at October Term, 1919, of Dare.

The action is by an employee to recover damages of defendants, his employers, for alleged negligence on their part in not providing him with a safe place to do his work. There was denial of liability, pleas of contributory negligence, and assumption of risk. On issues submitted, the jury rendered verdict for defendant to the effect that plaintiff was not injured by defendant's negligence, as alleged in the complaint, and making no response to the other issues.

Judgment on the verdict for defendants, and plaintiff excepted and appealed.

*Ehringhaus & Small for plaintiff.*
*Aydlett & Simpson and Meekins & McMullan for defendants.*

Hoke, J. This cause was before us on a former appeal by plaintiff from a judgment sustaining defendant's motion for nonsuit, and it was held that such judgment was erroneous, and "that the same be set aside in order that the matters in controversy be submitted to the jury." See

*Hassell v. Daniels,* 176 N. C., 99. Accordingly, on the present hearing the issues arising on the pleadings were submitted, the jury have rendered a verdict against the plaintiff on the principal issue as to defendant's negligence, and we find nothing in the record that justifies the Court in disturbing the results of the trial.

It is urged for error, chiefly, that on the evidence, if believed, the jury should have been directed to find this first issue against the defendant, and that the court, in effect, so held on the former appeal. It is true that in delivering that opinion the Court said: "The plaintiff was injured while performing a duty for the defendants under orders from his superior, and he was required to stand above the floor, on a ledge about 3 inches wide, made slippery by the dripping oil, and to lean forward, with an oil can in one hand and a funnel in the other, both necessary implements in the performance of his duty, and pour oil in cups between a piston-arm and drive-wheel, each making 70 revolutions a minute, and when he necessarily came within 3 or 4 inches of the moving machinery, and this cannot be held to be a safe place to work, as a matter of law."

In that utterance, however, the Court was only following our uniform rulings that "on a judgment sustaining defendant's motion for nonsuit, it is proper and permissible to consider only the evidence which makes in favor of plaintiff's recovery, interpreted in the light most favorable to him."

While there is evidence of plaintiff, in the present trial, tending to establish the facts suggested in this excerpt from the Court's opinion, there is also testimony coming from defendant, and tending to show that "it was not necessary for plaintiff to have taken a position on this ledge, 3 to 4 inches wide, but that he could have well performed the instant duty of pouring the oil in the cups when standing on the floor of the room, and so escaped the dangers that threatened, and of which he complains, and, furthermore, that there was a box there and available, 8 inches high, affording a method of oiling machine in comparative safety."

These opposing aspects of the testimony relevant to the issue, and pertinent to the only source of negligence charged against defendant, were submitted to the jury under proper instructions, and, as stated, they have by their verdict exonerated the defendant from liability.

It was further insisted that his Honor made an erroneous ruling in permitting the witness, William Harnley, to testify, over plaintiff's objection, that a man five feet eight inches high could very handily stand on a box eight inches high and oil the cups of the machine. (Five feet eight being the assumed height of plaintiff, and eight inches being

the height of the box there, and available for the purpose.)    He further
said that he had oiled the machine standing on the floor, and he was six
feet tall.

This witness was shown to be an experienced and trained machinist,
familiar with this type and kind of machine, both as to its operation and
upkeep, and had made personal observation of the conditions at this
plant and the very machine in question.

While to some extent in the form of an opinion, this testimony is
really the statement of a fact, but whether the one or the other, the
witness having personal observation of conditions, and being qualified
by opportunity, training, and experience to give an opinion that would
aid the jury to a correct conclusion on the subject, the testimony was
in our opinion properly received.    *Caton v. Toler,* 160 N. C., 104;
*Murdock v. R. R.,* 159 N. C., 131; *Tire Setter Co. v. Whitehurst,* 148
N. C., 446; *Britt v. R. R.,* 148 N. C., 37; 1 Elliott on Ev., sec. 675;
McKelvey on Ev., pp. 230-231.

On careful examination, we find no error which gives the plaintiff
just ground for exception, and the judgment for defendant is affirmed.

No error.