This is a civil action for actionable negligence by plaintiff against defendant. It was tried at December Term, 1925, in Forsyth County Court.
The usual issues of negligence, contributory negligence and damage were submitted to the jury. They answered "No" to the first issue, "Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?" and did not answer the other two issues.
The plaintiff assigned some fifteen errors and appealed to the Superior Court. The only material one we consider is the charge of the Forsyth County Court judge, as follows:
(Assignment of Error No. 9.) "The second allegation of negligence, that the defendant negligently failed and neglected to furnish the plaintiff proper tools and appliances for doing the work which he was engaged in at the time he sustained the injury complained of in his complaint, is not before you, and the court is not submitting that second allegation; so when the court refers to the allegation of negligence that the plaintiff alleges it will be relative to the allegation of negligence that the defendant failed to furnish sufficient and proper help for doing the work he was engaged in doing."
The Superior Court judge sustained this assignment of error and remanded the action to the Forsyth County Court, and the judgment rendered in the Forsyth County Court be set aside and ordered a new trial. From this judgment defendant appealed to the Supreme Court and assigned error. The other necessary facts will be set forth in the opinion.
The defendant introduced no evidence.
We are of the opinion that the Superior Court judge was correct in sustaining the assignment of error No. 9. The complaint alleges: "(a) That defendant negligently failed and neglected to furnish the plaintiff with sufficient and proper help for doing the work he was required to do and which he was engaged in at the time of the injury herein complained of. (b) The defendant negligently failed and neglected to furnish the plaintiff proper tools and appliances for doing the work which he was engaged in at the time he sustained the injury complained of herein." *Page 739 
The defendant in its further answer, says: "The plaintiff had at his command any tools and appliances which he required or needed in the execution of the work of his department; that the defendant had in its place of business at the time of this accident ropes, tackles, and other equipment that could have been used by the plaintiff had he so desired."
The evidence on the part of plaintiff was to the effect that he was in the employ of defendant in its water system department; that on the morning of 15 June, 1925, he, with another mechanic, was assigned to install a tank in the Minerals Springs School building. The tank was round, 8 feet long, 2 feet in diameter, concave at one end and convex at the other, and weighed 530 pounds, and made of steel. It was to be put in the basement of the school building. To do this it had to be carried down a concrete stairway 15 feet long and 4 feet wide. The stairway ended on a small passage about 4 feet wide and 6 feet long, surrounded by a brick wall except a door 3 feet wide leading into the boiler room in which it had to be carried. To unload the tank the truck was backed up towards the steps leading down into the basement, and the tank tilted over the truck until the concave end rested a little inside the stairway. While sliding the tank off the truck it caught on the truck at a point where a row of rivets ran around the middle of the tank. The plaintiff was down the stairway assisting with the helper to slide it down the stairway off the truck. All at once the tank jerked loose, and when it did slid down the stairway and caught the plaintiff against the brick wall at the foot of the stairway and cut off his leg. It was contended that plaintiff at the time requested more help, but it was refused. "You will have to get by the best way you can." There was evidence that defendant furnished no appliances or tools of any kind for unloading the tank. On the other hand, defendant contended that plaintiff was employed as the head mechanic, had been in the employ of the company five years and he had installed twenty-five to thirty tanks in various places; that plaintiff was instructed to get some negroes to work on the job, which included digging a trench, a mechanic in the department, and two negroes were assigned to do the work and the truck driver — three men loaded the tank at the shop and there were three who unloaded it. When the tank was half-way off the truck it was caught by the rivets and the mechanic asked plaintiff to call the two negroes who were near by digging the ditch to help unload, which plaintiff refused to do. The question of insufficient help was submitted to the jury. Cherry v. R. R., 174 N.C. p. 263; Johnsonv. R. R., 191 N.C. p. 75.
Plaintiff testified, without objection, "The company had furnished no tools or appliances for getting this tank in he basement." This is the crux of the case. *Page 740 
The defendant in its brief says: "Had the plaintiff, in the case before the court, shown that a rope and tackle, ropes, skids or what-not were customarily used, or could have been used, and by the use of same the injury would not have occurred, they might have made out a case, but they did not show any of these things."
3 Labatt's Master and Servant (2 ed.), p. 2478, sec. 924a, in note, says: "In Mercer v. Atlantic Coast Line R. Co., 154 N.C. 399, the Court held that the rule requiring the master to use ordinary care to furnish reasonably safe appliances applied alike to the simple and complicated tools; but that the master is not required to inspect simple tools, because the employee is presumed to be equally as conversant with the tool as the employer, and being required to use it, is in a better situation to discover the defects." And at p. 2479 it is said: "It does not seem entirely logical to say that the master is under no obligation to exercise ordinary care to furnish reasonably safe appliances, simply because those appliances chance to be of a simple character."
In Winborne v. Cooperage Co., 178 N.C. 90, it is said : "A perusal of our decisions on the subject will show that in order for liability to attach, in case of simple, every-day tools, it must appear, among other things. that the injury has resulted from a lack of such tools or defects therein which the employer is required to remedy, in the proper and reasonable discharge of his duties, and that the lack or defect complained of and made the basis of the charge is of a kind from which some appreciable and substantial injury may be reasonably expected to occur."Whitt v. Rand, 187 N.C. 807.
Our decisions are to the effect "that an employer of labor, in the exercise of reasonable care, must provide for his employees a safe place to do their work and supply them with machinery, implements and appliances safe and suitable for the work in which they are engaged, and to keep such impelements, etc., in safe condition as far as this can be done by the exercise of proper care and supervision." Riggs v. Mfg. Co., 190 N.C. at p. 258, and cases cited.
The employer is not an insurer and the negligence of the employer must be the proximate cause of the injury. In Ins. Co. v. Boone, 95 U.S. 117, it is said: "The proximate cause is the dominant cause, not the one which is incidental to that cause, its mere instrument, though the latter may be nearest in place and time to the loss. . . . `The inquiry must always be whether there was an intermediate cause disconnected from the primary fault and self-operating, which produced the injury.'" Inge v. R. R., ante at p. 530.
"A cause that produced the result in continuous sequence and without which it could not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable *Page 741 
under all the facts as they existed. Ramsbottom v. R. R., 138 N.C. 41."Lea v. Utilities Co., 175 N.C. at p. 463. In Hudson v. R. R.,176 N.C. p. 492, Allen, J., confirming the above rule, says: "To which we adhere, with the modification contained in Drum v. Miller, 135 N.C. 204, and many other cases, that it is not required that the particular injury should be foreseen, and is sufficient if it could be reasonable anticipated that injury or harm might follow the wrongful act." DeLaney v. Henderson-GilmerCo., ante, 647.
The degree of care required of an employer in protecting his employees from injury, a few variants of this form may be stated:"It is such care as reasonable and prudent men would use under similar circumstances." "Such care as prudent man would exercise under similar circumstances." In the words of the Supreme Court of the U.S., "The master is bound to observe all the care which prudence and the exigencies of the situation require, in providing the servant with machinery or other instrumentalities adequately safe for use by the latter." Hough v. Texas P. R. Co., 100 U.S. 213,24 L.Ed., 612. "Such care as ordinarily prudent persons exercise under the same or similar circumstances." "He uses that degree of care `which a man of ordinary prudence would use, having regard to his own safety, if he were supplying them (appliances) for his own personal use.' (Cotton v. NorthCarolina R. Co., 149 N.C. 227; Marks v. Harriet Cotton Mills,135 N.C. 287.)" "It is clear that the entire failure to furnish any instrumentalities or materials in a case where they are necessary for the servant's protection is not less a breach of the duty to furnish proper instrumentalities or materials than is the furnishing of instrumentalities or materials which fall below the legal standard of safety. A servant who bases his right of action on the total lack of requisite appliances must show that, under the circumstances, they were reasonably necessary for his protection from a danger which the master knew or ought to have known to be incident to the work, and that they were either not obtainable at all, or were not readily accessible. When they are not available for use at the actual place of work, it is for the jury to say whether they are reasonably accessible in such a sense as to absolve the master from the charge of negligence." Labatt, supra, p. 2435. Sou. R. v. Moore, 49 Kan. 616,31 P. 138, servant's foot crushed by rail owing to the want of any proper appliances for loading it on a flat car. Rushing v. R. R., 149 N.C. 158, failure to furnish hooks for moving heavy timbers. Charge as follows sustained: "That if the jury should find, by the greater weight of the evidence, that lug hooks were, at the time of the injury, used by railroads doing like work, such as moving heavy timbers, then it was the duty of the defendant to furnish the foreman with lug hooks; and should you further find, by the greater *Page 742 
weight of the evidence, that the timber which the plaintiff was handling was such timber, because of weight, length, ground and surroundings, as would lead a man of ordinary prudence to see it was safer to use lug hooks than to use his hands, then failure of defendant to provide, and have them for use, would be negligence, and should the jury find that this negligent act was the proximate cause of the injury, they should answer the first issue `Yes.'"
In Murdock v. R. R., 159 N.C. 131, on page 132, speaking of the use of a special kind of tongs used for handling heavy steel rails, weighing about 850 pounds, the Court said: "Indeed, it ought hardly to call for proof that it was negligence not to furnish an appliance so long in use and so well known.
In Bailey v. Meadows Co., 154 N.C. p. 71, it is held: "that it is the duty of the master to furnish the servant proper appliances to do dangerous work, if there are such in general use, is well settled. Orr v. Tel. Co.,130 N.C. 627. This negligence of the master `consists in his failure to adopt and use all approved appliances which are in general use and necessary to the safety of the employees in the performance of their duties.' Marks v. Cotton Mills, 135 N.C. 290. The master is not required to adopt every new appliance as soon as it is known." The duty of an employer to use due care to furnish sufficient help, tools, etc., to the employees is held in Pigford v. R. R., 160 N.C. p. 93, to be "a primary, absolute and nondelegable duty."
It will be noted in the Bailey case, supra, it speaks of dangerous work. In such cases the appliances must be such as are in general use. The removal of the steel tank weighing 530 pounds is not necessarily dangerous, although the method of doing it may be. Simple appliances or instruments as a matter of common knowledge and observation, such as ropes, chains, etc., and sufficient help may, under certain circumstances, of necessity be needed.
As to contributory negligence of the employee, the degree of care, a few variants of this form will be stated:
"Contributory negligence in its legal significance is such an act or omission on the part of plaintiff, amounting to an ordinary want of care, as concurring or cooperating with the negligent act of defendant, is the proximate cause or occasion of the injury complained of." "Any want of ordinary care on the part of the person injured, which combined and concurred with the defendant's negligence and contributed to the injury as a proximate cause thereof, and as an element without which the injury would not have occurred." "But if any degree, however small, of the causal negligence, or that without which the injury would not have occurred, be attributable to the defendant, then the plaintiff, in the absence of any contributory negligence on his part, *Page 743 
would be entitled to recover; because the defendant cannot be excused from liability unless the total causal negligence, or proximate cause, be attributable to another or others. `When two efficient proximate causes contribute to an injury, if defendant's negligent act brought about one of such causes, he is liable.' Wood v. Public Corporation, 174 N.C. 697, and cases there cited." White v. Realty Co., 182 N.C. p. 538. "In short, it is a want of due care, and there is really no distinction or essential difference between negligence in the plaintiff and negligence in the defendant, except the plaintiff's negligence is called contributory negligence. The same rule of due care, which the defendant is bound to observe, applies equally to the plaintiff." Moore v. Iron Works,183 N.C. 439; Construction Co. v. R. R., 184 N.C. 180; Boswell v. HosieryMills, 191 N.C. 549; Malcolm v. Cotton Mills, ibid, 729.
It is not enough that plaintiff had reason to believe that there was an insufficient number of men to do the work and his strength was not equal to the task without simple appliances or instruments. For, if the danger or risk of doing the work was not such as to threaten immediate injury, and plaintiff, by reason of his employer's instructions, was led to believe that he could carry his part of the load by the use of care and caution as a prudent man under similar circumstances, and he proceeds to do the work with the exercise of such care, without sufficient help and the simple appliances or instruments, he is not barred from recovery from the employer for the injury received. Crisp v. Thread Mills, 189 N.C. 89; Holeman v.Shipbuilding Co., ante, 236.
"What is negligence is a question of law, and when the facts are admitted or established is for the Court." Burdick on Torts (2 ed.), 429 InRussell v. R. R., 118 N.C. 1111, it is stated thus: "Where the facts are undisputed and but a single inference can be drawn from them, it is the exclusive duty of the court to determine whether the injury has been caused by the negligence of one or the concurrent negligence of both of the parties." Hinnant v. Power Co., 187 N.C. at p. 293, and cases cited. In the present case the facts are disputed. The burden is on plaintiff of establish negligence and on defendant to establish contributory negligence.
It is a matter of common knowledge and observation that a rope, wire, or such like, is a simple appliance or instrument that can be used in holding a steel tank with rivets on it weighing 530 pounds, as in the present case, the tank being round, 2 feet in diameter and 8 feet long. The place and surroundings of the basement of the school building where this round steel tank was to be placed was known, or, in the exercise of ordinary care, ought to have been known to defendant. *Page 744 
It is a question for the jury to say whether or not defendant, the employer, used such care as a reasonable and prudent man would use under similar circumstances to furnish plaintiff with sufficient men and simple appliances or instruments to do the work and was such failure the proximate cause of the injury.
For the reason given the judgment is
Affirmed.