This is an action for actionable negligence brought by plaintiff against defendant.
The evidence on the part of plaintiff tended to show that under the direction of defendant's foreman he and the other employees of defendant were ordered to load rails by hand on an incline car. The steel rails were piled up on the ground about 4 feet high and were 25 to 30 feet in length and weighted 60 pounds to the foot. The rails were "crooked and wrapped up." The foreman, whom plaintiff was bound to obey or be discharged, ordered him and the other employees to load the rails by hand. Plaintiff had loaded about 5 or 6 rails before he got hurt. "Someone in the crowd spoke of rail-dogs and McCrary, the foreman, said that he did not have any and we would have to load them with our hands. . . . This rail that hit my foot had been used on the curve end that left the rails in a curve when they were racked up, and they were just piled up there, and this rail — I did not know it was crooked as it was until after I threw it out and it hit me — it bounced back on my foot. . . . By dealing you take hold of this end and swing this end out and the other will come off and then you can walk in there and pick up the rail and carry it and load it. We could not but one handle the rails because we had nothing to handle them with but our hands and just one was all that would work throwing them out."
It was in evidence that at the time plaintiff was injured, the method known, approved and in general use in the territory where plaintiff was engaged in handling steel rails and doing the work he was ordered by the foreman to do, was to use a tool called a rail-dog, or railroad tong. There was evidence that plaintiff's foot was permanently injured.
It was in evidence on the part of the defendant that the usual method was to load the rails by hand. The defendant denied negligence and set up the plea of contributory negligence.
The issues submitted to the jury and their answers thereto, were as follows:
"1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.
"2. Did the plaintiff by his own negligence contribute to his injury? Answer: No.
"3. What damage, if any, is the plaintiff entitled to recover? Answer: $1,500."
The defendant made several exceptions and assignments of error and appealed to the Supreme Court.
The major and only material assignment of error on the part of defendant, was the refusal of the court below, on motion by defendant, to dismiss the action or judgment as in case of nonsuit. C. S., 567. We think the court below gave the contentions of both parties fairly and clearly, and accurately charged the law applicable to the facts. This case is governed by a case on "all fours" — Murdock v. R. R., 159 N.C. 131. There is
No error. *Page 399