C. McCOY FRANKLIN v. CROSSNORE SCHOOL ET AL.

(Filed 23 March, 1938.)

1. **Appeal and Error § 50: Reference § 10—When original order does not agree upon referee, trial court need not rerefer to same referee after Supreme Court grants a new trial for newly discovered evidence.**

When the order of reference merely waives the right to a jury trial and does not agree upon a referee, it is not error for the trial court upon certification of the opinion of the Supreme Court granting a new trial for newly discovered evidence, to refuse to sign defendant's order that the cause be referred to the same referee who first heard the matter.

2. **Appeal and Error § 49—**

When the Supreme Court grants a new trial for newly discovered evidence, the final judgment and the verdict or findings upon which it rests are *ex necessitate* set aside.

3. **Appeal and Error § 2—Appeal in this case dismissed as premature.**

When the Supreme Court has granted a motion for a new trial for newly discovered evidence in a cause originally heard by a referee, an appeal from judgment of the Superior Court annulling the former judgment and restoring the cause to the docket for trial, is premature and will be dismissed.

APPEAL by defendants from *Clement, J.,* at October Term, 1937, of AVERY.

Civil action for alleged breach of contract.

The action was instituted 26 July, 1935, pleadings filed, order of reference entered at April Term, 1936, matter heard before the referee, report duly made, and exceptions thereto filed, judgment on the report and appeal to the Supreme Court at the Fall Term, 1937, when and where, upon motion of defendants, a new trial was ordered on account of newly discovered evidence.

At the October Term, 1937, of Avery Superior Court the defendants tendered judgment on the certificate of the Supreme Court, cancelling the former judgment and directing the referee, previously appointed, to proceed to hear the matter anew and to report his findings, together with his conclusions of law. The court declined to sign this order and, in its stead, entered judgment annulling the former judgment and restoring the cause to the docket for trial. Defendants appeal, assigning errors.

*Bowie & Bowie and J. V. Bowers for plaintiff, appellee.*

*Charles Hughes, Carrie L. McLean and C. W. Tillett for defendants, appellants.*

STACY, C. J. It does not appear from the judgment entered at the October Term, 1937, Avery Superior Court, how the new trial is to be had, whether by reference, the judge, or the jury. There was no error in declining to sign the order tendered by defendants, for in the original order of reference the parties "merely waived the right to a jury trial" and did not agree upon the referee. Indeed it is stipulated in the order that in case of "an appeal by either party" from the report of the referee the judge shall "hear the facts in the same manner as the jury," and shall "have the right to find the facts in their entirety, . . . all of which shall be subject to the approval of the trial judge at the time." Whether this order, which contains several unusual provisions (*In re Snelgrove,* 208 N. C., 670, 182 S. E., 335), still subsists as a valid order in the cause was not determined in the court below. *Edwards v. Perry,* 206 N. C., 474, 174 S. E., 285; 20 R. C. L., 323.

The question debated on argument and in brief, *i.e.,* whether interlocutory orders, entered without objection or by consent, are vacated when a new trial is granted for newly discovered evidence is not before us for decision. It is conceded that the final judgment and the verdict or findings upon which it rests are *ex necessitate* set aside by the order. 20 R. C. L., 317.

The appeal is premature and must be dismissed.

Appeal dismissed.