### T. D. HARRIS v. GEORGE M. CHAPMAN.

(Filed 30 September, 1953.)

**Appeal and Error § 37½ : Trial § 47—**

> Appellant's motion in the Supreme Court for a new trial on the ground of evidence relating to the merits discovered after the cause was heard in the Superior Court is allowed, the appellant having met the requirements for a new trial for newly discovered evidence.

APPEAL by defendant from *Bone, J.*, holding the courts of the First Judicial District, at Chambers in Elizabeth City, 25 June, 1953. From TYRRELL.

This action was instituted in the Superior Court of Tyrrell County 5 December, 1951, on which day the plaintiff filed duly verified complaint alleging that the defendant is indebted to him in the amount of $15,000 for services rendered in assisting in the sale of land and timber belonging to the defendant. Nine tracts of real estate belonging to the defendant situate in Tyrrell County were attached at the time of the commencement of the action. The plaintiff and the defendant are nonresidents of this State. Both reside in Washington, D. C. The defendant was served with summons by publication.

On 7 April, 1952, the Clerk of the Superior Court rendered judgment in favor of the plaintiff by default and inquiry, and the cause was transferred to the civil issue docket for inquiry and determination in respect to the amount of the recovery. At the February Term, 1953, inquiry was executed, resulting in a verdict and judgment in favor of the plaintiff and against the defendant in the amount of $15,000.

On 4 April, 1953, the defendant filed motion to set aside both judgments and for leave to defend under the provisions of G.S. 1-108. The motion as it related to the judgment by default and inquiry was heard first by the Clerk. He refused to set aside the judgment. The defendant excepted and appealed to the Judge. Thereafter, by consent, the appeal from the Clerk's ruling and also the motion as it related to the final judgment were heard by Judge Bone on affidavits offered by both sides. Following this hearing, judgment was entered affirming the Clerk and denying all phases of the defendant's motion. From the judgment so entered, the defendant appealed.

Pending appeal, the defendant lodged a motion in this Court for a new trial on the ground of newly discovered evidence, alleging that additional information vital to the merits of his cause as heard by Judge Bone, came to his attention pending the appeal to this Court.

*Robert B. Lowry, Sam S. Woodley, and Pritchett & Cooke for plaintiff, appellee.*

*McMullan & Aydlett for defendant, appellant.*

PER CURIAM. The showing made by the defendant on his motion meets the requirements for a new trial for newly discovered evidence. The motion is allowed. See *Chrisco v. Yow,* 153 N.C. 434, top p. 436, 69 S.E. 422; *Moore v. Tidwell,* 193 N.C. 855, 138 S.E. 407. This renders moot the questions presented by the appeal and restores the *status quo* as it existed immediately before the hearing before Judge Bone. The cause will be remanded for hearing *de novo* on defendant's motion (1) to set aside the judgment by default and inquiry entered by the Clerk, (2) to set aside the final judgment entered at the February Term, 1953, and (3) for leave to defend under the provisions of G.S. 1-108; and it is so ordered. See *Franklin v. School,* 213 N.C. 263, 195 S.E. 792. Let the defendant pay the costs. *Herndon v. Railroad Co.,* 121 N.C. 498, 28 S.E. 144.

The plaintiff's motion to dismiss under Rule 28 is denied.

Remanded.